602 P.2d 472

**STATE of Arizona, Appellee,**

v.

**Daniel Salas VERDUGO, Appellant.**

No. 3058–3.

Supreme Court of Arizona,
In Banc.

Oct. 15, 1979.

Rehearing Denied Nov. 14, 1979.

John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

John W. Rood, Phoenix, for appellant.

HOLOHAN, Justice.

Appellant Daniel Salas Verdugo appeals a conviction for contempt which arose out of his refusal to testify during the murder trial of Robert Robin. We assume jurisdiction pursuant to Rule 47(e)(5), Supreme Court Rules, 17A A.R.S.

The appellant had been convicted of first-degree murder for the killing of the proprietor of a convenience market during a robbery. Appellant appealed his conviction which this court affirmed after reducing the sentence from death to life imprisonment without possibility of parole for 25 years. *State v. Verdugo,* 112 Ariz. 288, 541 P.2d 388 (1975).

Robert Robin, a codefendant with appellant, was tried separately, found guilty of first-degree murder and sentenced to life imprisonment. For reasons not pertinent to this appeal, the case was reversed and remanded for a new trial. *State v. Robin,* 112 Ariz. 467, 543 P.2d 779 (1975). Robin's defense counsel, during the second trial, called appellant to the witness stand to question him about the robbery and subsequent murder. Asserting his right not to incriminate himself, appellant refused to answer 18 questions, despite the trial court's repeated directions to him to answer the questions.

Based upon these refusals the trial judge found appellant guilty of 18 contempts and sentenced him to one month in jail for each. The sentences were to run consecutively to each other and to the sentence for murder. This court in Cause No. 3058–2 by Memorandum Decision dated March 2, 1977, reversed and remanded for a trial by jury.

Appellant was tried twice for contempt by a jury, the first trial ending in a mistrial. The second trial resulted in appellant's conviction of 18 contempts. Appellant was again sentenced to confinement for one month on each count to run consecutively to each other and to the murder conviction.

Appellant raises three issues on appeal:

1) Did appellant have a right pursuant to the fifth amendment to the Constitution of the United States and Article 2 § 10 of the Constitution of Arizona not to testify to facts which might tend to incriminate him despite his conviction for murder and its subsequent affirmance by this court?

2) Is refusal to answer questions civil or criminal contempt; if criminal, should appellant have been prosecuted under § 12–861 *et seq.*?

3) Can the state prosecute contempt where immunity was never offered?

■ To invoke the right not to incriminate one's self, derived from both the fifth amendment of the Constitution of the United States as held applicable to the States by *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), and Article 2 § 10 of the Constitution of Arizona, the danger of prosecution must be "real and appreciable" and not "imaginary and unsubstantial." *Brown v. Walker,* 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819 (1896); *Rogers v. U. S.,* 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951); *Thoresen v. Superior Court,* 11 Ariz.App. 62, 461 P.2d 706 (1970).

■ While courts that have considered the issue generally have held that a witness may not be compelled to testify until after sentencing and the time for appeal as of right has expired, *see* McCormick, *Evidence* § 121; 8 Wigmore, *Evidence* § 2279, the issue of a witness' possible collateral attack on his conviction in relation to the self-incrimination privilege is one of first impression in this jurisdiction.

The Pennsylvania Supreme Court in *Commonwealth v. Rodgers,* 472 Pa. 435, 372 A.2d 771 (1977) examined post-conviction collateral relief and the self-incrimination privilege. The Pennsylvania court held that the possibility of collateral relief is not so remote in all cases as to warrant a per se rule. The court went on to hold that:

"[T]he determination whether a witness whose conviction has been finalized on appeal and who is preparing a collateral attack may invoke the privilege against self-incrimination is properly left to the sound discretion of the trial court. The trial court must consider all the circumstances and decide whether the witness has reasonable cause to apprehend danger of self-incrimination." 372 A.2d at 781.

However, this test was questioned by the same court a year later in *Commonwealth v. Strickler*, 481 Pa. 579, 393 A.2d 313 (1978). In that case, the defendant was convicted of being an accessory after the fact to an armed robbery. He took no appeal from the judgment but when called by the state to testify against a principal in the robbery he refused to testify based on the self-incrimination privilege, asserting that he was preparing a petition for post-conviction relief. The trial court found him guilty of direct criminal contempt and defendant appealed.

The supreme court cited *Commonwealth v. Rodgers, supra,* in affirming Strickler's conviction for contempt, saying that "even assuming" that a per se rule is not necessary and that the trial court must decide each case on its own facts, the trial court had not erred in overruling Strickler's claim of privilege for not only had he not filed a petition for post-conviction relief but at the time of the principal's trial Strickler had completely served his sentence. Based on the facts of the case, the Pennsylvania Supreme Court held that Strickler had no reasonable basis to fear self-incrimination.

In the instant case, appellant also had no reasonable basis to fear self-incrimination in a new trial. Despite the fact that this court affirmed appellant's conviction some four years ago, no petition for post-conviction collateral relief had been filed at the time of the contempt. Appellant's attorney testified at appellant's contempt trial that he had advised him about the possibility of using Federal habeas corpus to attack his murder conviction, but the attorney also told him that chances for success on post-conviction relief were only 15 to 30 percent. The matter was not pursued further.

Given these circumstances, we find that the danger of prosecution is "imaginary and unsubstantial" within the meaning of *Brown v. Walker, supra,* and the self-incrimination privilege is not applicable.

Appellant next argues that refusal to answer questions is civil contempt, not criminal, and Rule 33, Rules of Criminal Procedure, 17 A.R.S., is not applicable. Rule 33.1 provides that:

"Any person who wilfully disobeys a lawful writ, process, order, or judgment of a court by doing or not doing an act or thing forbidden or required, or who engages in any other wilfully contumacious conduct which obstructs the administration of justice, or which lessens the dignity and authority of the court, may be held in contempt of court."

In *Ong Hing v. Thurston*, 101 Ariz. 92, 416 P.2d 416 (1966), this court distinguished criminal and civil contempt:

"[C]riminal contempt is the commission of a disrespectful act directed at the court itself which obstructs justice, *Van Dyke v. Superior Court,* 24 Ariz. 508, 211 P. 576; civil contempt is the disobedience of a court order directing an act for the benefit or advantage of the opposing party to the litigation, *Van Dyke v. Superior Court,* supra . . . . Also, the same acts may be both criminal contempt and civil contempt, and quite often are. The classification of contempt as criminal, civil, direct or indirect is merely a judicial device for determining the procedure to follow in each case. We are satisfied that we are dealing with a criminal contempt as the primary purpose of respondent's action was to punish for petitioner's alleged disrespect to the court and attempted obstruction of justice." 101 Ariz. at 98.

Here, appellant's refusal to answer defense counsel's questions could, by itself, be termed civil contempt. However, appellant's repeated disobedience of the trial court's directions to answer the questions obstructed the administration of justice and

constituted criminal contempt. This is further borne out by the fact that appellant's sentence was unconditional, indicating that the purpose of the sentence was not to compel compliance as in civil contempt but to punish or deter. *See Shillitani v. United States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966) and *State v. Cohen*, 15 Ariz.App. 436, 489 P.2d 283 (1971). We hold that appellant's actions constituted both civil and criminal contempt and that therefore punishment as criminal contempt was permissible. Since A.R.S. § 12–861 is limited in scope to criminal contempts which are also crimes, the proper procedure was that set forth in Rule 33. The punishment was prescribed by A.R.S. § 12–864.

 Lastly appellant argues that the state cannot prosecute for contempt when immunity could have been given to insulate the witness from the effects of self-incrimination. Immunity is within the discretion of the prosecutor and the court. A.R.S. § 13–4064. It is a matter of prosecutorial discretion to decide when the public interest would be best served by a grant of immunity. *State v. Cookus*, 115 Ariz. 99, 563 P.2d 898 (1977); *State v. Buchanan*, 110 Ariz. 285, 518 P.2d 108 (1974). Here, where appellant's self-incrimination privilege was not applicable, it was certainly no abuse of discretion not to grant immunity to appellant and the subsequent prosecution for contempt was not error.

Although appellant's refusals to answer propounded questions were contemptuous, his actions constituted only one contempt. It was known to counsel before appellant was called that he would refuse to testify. The refusals were one act based on one line of questioning and one claim of privilege. The trial court cannot allow counsel to ask a series of questions along the same line and designate each question as a separate contempt. We hold that appellant committed only one contemptuous act and accordingly we reduce his sentence to one month in jail to be served consecutively to the sentence for murder.

The judgment of conviction by the superior court is affirmed but the sentence is modified as provided in this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.