635 P.2d 170

STATE of Arizona, Appellee,

v.

Joe Lowell McELYEA, Jr., Appellant.

No. 5230.

Supreme Court of Arizona,
En Banc.

Oct. 1, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Hart, III, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

The appellant, Joe Lowell McElyea, Jr., was charged in two separate indictments. The first indictment included a number of counts. The second indictment contained two counts of forgery of a credit card. The trial for forgery of a credit card resulted in a mistrial because the jury was unable to reach a unanimous verdict. In the trial for burglary in the third degree and theft, the jury found appellant guilty of burglary. On the date set for a new trial for the crime of forgery of a credit card, appellant pled no contest and admitted the existence of a prior felony conviction for possession of a stolen credit card. He was sentenced to one to five years in the Arizona State Prison, said sentence to run concurrently with the sentence imposed for the burglary conviction.

A timely notice of appeal was filed requesting an order to vacate the convictions and sentences, and to remand the cases for a new trial. The two cases were consolidated for consideration on appeal. We accept jurisdiction pursuant to Supreme Court Rules, rule 47(e)(5), 17A A.R.S., and affirm.

The appellant makes four contentions on appeal:

1) violation of the appellant's sixth amendment right to cross-examine witnesses against him;

2) violation of appellant's right to due process and denial of his right to a fair trial by forcing the testimony of a witness against him;

3) use of the appellant's prior convictions for impeachment purposes; and

4) denial of appellant's motion to suppress evidence allegedly illegally seized.

Additional facts will be discussed as necessary in conjunction with the various points raised by the appellant.

## SIXTH AMENDMENT RIGHT TO CROSS–EXAMINE WITNESSES

The prosecution's main witness, Terry Mack Crews (hereinafter "witness"), had formerly been a codefendant with the appellant on the burglary and theft charges. Prior to trial the witness entered into a plea agreement with the state under which he agreed to serve three years in the Arizona State Prison, the sentence to run concurrently with the sentences imposed in two other criminal causes pending against him, in exchange for his testimony against the appellant, Joe Lowell McElyea, Jr.

At trial following an objection by the prosecution to the defense's questioning of the witness regarding other criminal charges that might affect his testimony, a discussion was held out of the hearing of the jury. After being told that the "other crimes" involved an escape charge for which no deals were pending, the trial court sustained the objection. Appellant argues this action constitutes reversible error since "great latitude should be allowed in the cross-examination of an accomplice or co-defendant who has turned State's evidence and testifies on behalf of the State on a trial of his co-defendant." *State v. Holden*, 88 Ariz. 43, 54, 352 P.2d 705, 713 (1960); *State v. McDaniel*, 127 Ariz. 13, 15, 617 P.2d 1129, 1131 (1980).

The sixth amendment right of an accused to confront witnesses against him is a well established fundamental right. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *State v. Dunlap*, 125 Ariz. 104, 608 P.2d 41 (1980). We have stated that "the trier of fact must not be prevented from learning what [the] major witness expected for his testimony." *State v. McDaniel, supra*, 127 Ariz. at 15, 617 P.2d at 1131 (1980); *State v. Morales*, 120 Ariz. 517, 587 P.2d 236 (1978). In the instant case the jury knew what the witness was to receive for his testimony. The witness' plea agreements with the state were placed in evidence. Moreover, no bargain was struck with the witness regarding the pending escape charges.

■ We previously noted that although the extent of cross-examination is within the sound discretion of the trial judge, if he "has excluded testimony which would *clearly* show bias, interest, favor, hostility, prejudice, promise or hope of reward, it is error and will be ground for a new trial. [citations omitted]." *State v. Holden, supra,* 88 Ariz. at 55, 352 P.2d at 714 (1960). (Emphasis supplied). "The test [for denial of the right to cross-examination] is whether the defendant has been denied the opportunity of presenting to the trier of fact information which bears either on the issues in the case or on the credibility of the witness." *State v. Fleming,* 117 Ariz. 122, 125, 571 P.2d 268, 271 (1977). We are not convinced that a cross-examination of the witness relative to a subsequent criminal charge not the subject of any plea agreement would have revealed any bias or interest that the witness might have in testifying against a former codefendant. The trial court did not err in limiting the scope of cross-examination to this extent.

## DENIAL OF DUE PROCESS AND THE RIGHT TO A FAIR TRIAL

Shortly after the witness commenced his testimony he invoked the fifth amendment. The trial court ruled that, as a witness, he did not, absent perjury, possess the privilege against self-incrimination with respect to the matter being questioned, but that it would rule on each question on a question-by-question basis. The court continued:

"I would assume the court would have available to it a contempt finding with regard to each question—just on an advisory basis, I believe my research reflects that he could receive a maximum sentence of six months in the County Jail, and/or a $300 fine for each finding of contempt. But the Court would have authority to make those sentences run consecutively or concurrently, although I'm not making a definite finding of that effect. The only other sanction available should be the state's opportunity to withdraw the plea agreement and reinstate the charges against Mr. Crews and proceed according to whatever procedure the state desired."

Appellant argues that if a witness refuses to answer a series of questions based on a single line of questioning and a single claim of privilege his repeated refusals to answer cannot be designated as separate contempts. *State v. Verdugo,* 124 Ariz. 91, 602 P.2d 472 (1979). Relying on this rule of law, appellant appears to advance the novel argument that due to the court's statement, the witness was "ordered" to testify in violation of his fifth amendment privilege against self-incrimination, thus resulting in a denial of appellant's right to due process and a fair trial. The appellant, however, neither explains how a due-process or fair-trial violation results, nor cites case law to support the proposition.

We note that the witness was afforded the opportunity to confer privately with his attorney on the self-incrimination issue. The appellant's attorney agreed that the witness could claim the privilege only if his testimony would result in perjury. Finally, the trial court specifically made no finding with respect to sentencing for contempt. We do not see how an issue of coercion is involved as the appellant seems to argue.

■ Appellant likewise asserts error because the trial court did not ascertain whether the witness was appealing his prior conviction which was the subject of the plea agreement. The fifth amendment privilege against self-incrimination is available to a convicted person if his conviction or sentence is being appealed. *State v. Gretzler,* 126 Ariz. 60, 612 P.2d 1023 (1980). However, even if an abridgement of the witness' fifth amendment right were found to have occurred, an issue we do not resolve, appellant lacks standing to challenge the action of the trial court vis-a-vis a witness. Since the privilege against self-incrimination is a personal right, it cannot be raised by a third person. *State v. Hyder,* 128 Ariz. 253, 255 n. 1, 625 P.2d 316, 318 n. 1 (1981); *State v. Myers,* 117 Ariz. 79, 570 P.2d 1252 (1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1498, 35 L.Ed.2d 524 (1978). Finally, we feel bound by the principle that the fifth amendment

privilege belongs exclusively to the witness and cannot be taken advantage of by the defendant. *State v. Cota*, 102 Ariz. 416, 432 P.2d 428 (1967), *cert. denied*, 390 U.S. 1008, 88 S.Ct. 1256, 20 L.Ed.2d 109 (1968).

We find no violation of appellant's due-process or fair-trial rights.

## IMPEACHMENT BY PRIOR CONVICTIONS

Upon conclusion of the state's case, appellant moved to preclude the state from using his two prior convictions for impeachment purposes. Appellant was convicted in 1971 of burglary first degree and in 1975 of possession of a stolen credit card. The trial court expressly found that the probative value of admitting the prior convictions outweighed any prejudicial effect.

Rules of Evidence, rule 609, 17A A.R.S., Impeachment by Evidence of Conviction of Crime, provides:

"(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record, if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect, and if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement, regardless of the punishment."

The decision whether to admit evidence of prior convictions for impeachment purposes is left to the sound discretion of the trial judge. *State v. Noble*, 126 Ariz. 41, 612 P.2d 497 (1980); *State v. King*, 110 Ariz. 36, 514 P.2d 1032 (1973). Absent an abuse of discretion, we will not overturn the trial judge's decision. *State v. Domme*, 111 Ariz. 464, 532 P.2d 526 (1975).

The trial judge met the first part of the test delineated in 609(a) by specifically finding that the probative value of appellant's two prior convictions for the purpose of impeachment outweighed any prejudicial effect of their admission. The second part of the test is disjunctive. The trier of fact

must find that the crime involved capital punishment or incarceration for more than a year *OR* dishonesty or false statement. Since the two convictions carried sentences of imprisonment in excess of a year, the second part of the test is met. It is thus unnecessary to deal with appellant's contention that a burglary conviction does not involve dishonesty or false statement.

We hold that the trial court did not abuse its discretion in admitting the conviction.

## SUPPRESSION OF EVIDENCE

Before the case involving the charges of burglary in the third degree and theft proceeded to trial, the appellant filed a motion to suppress certain evidence seized by arresting officers from the vehicle in which he was riding. The trial court denied appellant's motion.

The automobile in which appellant was a passenger was stopped by law enforcement authorities following a police radio broadcast describing the vehicle and describing the driver as a person named Joe who was a suspect in a burglary which had occurred approximately one and one-half hours earlier. After the police determined the appellant's identity by inspecting his driver's license, they arrested him and searched the automobile.

The appellant contends that police officers did not have probable cause to search the vehicle based on a radio broadcast attempt to locate which simply described the automobile and a person named Joe allegedly involved in a burglary. The appellant, however, does not argue that the police officers lacked probable cause to arrest him. It is now the law that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *State of New York v. Belton*, —— U.S. ——, ——, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981); *State v. Nelson*, 129 Ariz. 582, 633 P.2d 391 (1981). The search of the automobile was a search incident to a lawful custodial arrest and, therefore, did not violate the appellant's constitutional rights.

The judgments of conviction and the sentences are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.