670 P.2d 721

**STATE of Arizona, Appellee,**

v.

**Alfonso Ray SISNEROS and Rudy Dominguez, Appellants.**

No. 5647.

Supreme Court of Arizona,
En Banc.

Sept. 21, 1983.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, and Greg A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

Wildermuth & Wildermuth by David Roer, Coolidge, for appellants.

HAYS, Justice.

This is an appeal from the convictions and sentences arising from a prison "shanking." Appellant Dominguez was convicted of count I, dangerous or deadly assault by a prisoner, A.R.S. § 13–1206; count II, assault, A.R.S. § 13–1203; counts III and IV, promoting prison contraband, A.R.S. § 13–2505; and count V, possession of a deadly weapon, A.R.S. § 31–232. Dominguez was sentenced to two life terms without possibility of parole for twenty-five years on counts I and II; two years each on counts III and IV; and four years on count V, all sentences to run concurrently. Appellant Sisneros was convicted of counts I and II, dangerous or deadly assault by a prisoner, A.R.S. § 13–1206; and counts III and IV, promoting prison contraband, A.R.S. § 13–2505, with a prior conviction. Sisneros was sentenced to life imprisonment without possibility of parole for twenty-five years on counts I and II, and three years each on counts III and IV, all concurrent sentences. We have jurisdiction pursuant to A.R.S. §§ 13–4031 and 13–4035.

On July 13, 1981, the victim, Eloy Lerma, was stabbed numerous times in an exercise pen at the Arizona State Prison in Florence where appellants are inmates. Dominguez and Sisneros were playing basketball in the exercise pen with Lerma and a fourth inmate, Frank Morales. A fight ensued and Lerma was stabbed with a "shank," a prison-made knife. Sisneros parted from the group and walked to the weight machines in the corner of the exercise pen. When Lerma approached him, Sisneros took a handlebar off a weight machine and swung it at Lerma, hitting him in the arm and leg.

Morales, serving a life term, pled guilty to all charges and testified at the trial. Also testifying were the exercise-pen officer, the warden, the prison investigator, two correctional service officers, an inmate (who testified that he witnessed the shanking from his cell window), and Sisneros. Sisneros and Dominguez both claimed limited involvement in the incident. Sisneros claimed he hit Lerma with the handlebar in self-defense. The prison investigator testified that there was blood on the shoes of all three suspects and blood on the pants of Sisneros and Dominguez. The exercise-pen officer testified that Sisneros, Dominguez and Morales jumped Lerma and that Dominguez stabbed him while Sisneros and Morales held him down.

## PRIOR CONVICTIONS

Appellants contend the trial court erred in ruling that evidence of their prior convictions was admissible for impeachment purposes under 17A A.R.S., Arizona Rules of Evidence, rule 609. Prior to trial, counsel for Sisneros and Dominguez made a motion to determine the admissibility of the prior conviction. The record reveals that the import of this motion was to *limit* the use of the prior convictions rather than prohibit their introduction altogether. At the hearing, counsel for Sisneros said:

"Judge, I am going to object to the prosecutor going over and over these things for the purpose of proving prior convictions by these [defendants'] testimony.... Certainly the prosecutor can bring up the subject of their prior convictions, but I don't want him to sit there and ask five questions about when, and where, and what judge it was, and so on and so forth, just to draw emphasis to it under the excuse that he is trying to make a good record on the prior convictions."

The trial judge ruled that the prior convictions were admissible for impeachment purposes and instructed that:

"[T]he prosecutor may only ask about matters specifically related to date of conviction, crime convicted of ... and county of conviction, without going into any other things such as the sentence.... So that they do not get highlighted to any degree, and counsel may object, defense counsel may object in the event that the prosecutor gets carried away."

Dominguez did not testify at trial. When Sisneros took the stand, the prosecutor asked him the charge, the date and the county of his prior felony conviction; Sisne-

ros' attorney made no objection to this testimony.

■ A motion in limine is generally sufficient to preserve the question of admissibility for appeal, regardless of whether the defendant subsequently testifies. *State v. Ellerson,* 125 Ariz. 249, 251, 609 P.2d 64, 66 (1980). We conclude, however, that there is no basis in the record to support appellants' contention that the court erred in admitting the evidence of the prior felony conviction for the purpose of impeachment. Appellants were in effect granted the relief they asked for when the judge instructed the parties on the limited use of the prior convictions. The prosecutor complied with those instructions and no objection was made to the testimony. The trial court fully discussed the merits of admitting the prior convictions and specifically determined that the probative value outweighed any possible prejudicial effect of the evidence. The court properly applied the balancing test of *State v. Ellerson, supra,* and we find no abuse of discretion, *see State v. McElyea,* 130 Ariz. 185, 188, 635 P.2d 170, 173 (1981).

## POST–INDICTMENT PRELIMINARY HEARING

Article 2, section 30 of the Arizona Constitution provides: "No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination."

Appellants were indicted by a grand jury. Prior to trial, appellants made a motion for post-indictment preliminary hearing or, in the alternative, a motion to dismiss. The motion was denied. Appellants argue that the denial of a post-indictment preliminary hearing deprived them of equal protection under the fourteenth amendment to the United States Constitution because, whereas an individual charged by information has the statutory right to request a preliminary hearing, a person charged by grand jury

indictment has no such right. Appellants cite *Hawkins v. Superior Court,* 22 Cal.3d 584, 150 Cal.Rptr. 435, 586 P.2d 916 (1978), in support of this contention.

The *Hawkins* court held that the equal protection clause of the California Constitution, article I, section 7, requires that a defendant charged by grand jury indictment be afforded a preliminary hearing equally with a defendant charged by information. The court reasoned that an indicted defendant is deprived of the fundamental right of counsel, the right of confrontation, the right to appear personally, the right to a hearing before a judicial officer, and the right to be free from unwarranted prosecution, all of which rights are guaranteed a defendant accused by information. The court found no compelling state interest to justify the disparity in procedural rights between the two methods of initiating a felony prosecution.

Appellants' having cited no United States Supreme Court case, we consider their equal protection argument under article 2, section 13 of the Arizona Constitution which provides:

"No law shall be enacted granting to any citizen, class of citizens, or corporation other·than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

Appellants' argument is directed at the co-existence of the two methods set forth in article 2, section 30 of the Arizona Constitution for initiating a felony prosecution; appellants do not contend that they have been singled out for discriminatory treatment.

■ The decision to proceed by information or indictment is the state's choice. Although there is some indication that the constitutional delegation intended the preliminary hearing to be of great significance to an accused, *see* Bakken "The Arizona Constitutional Convention of 1910", 1978 Ariz.St.L.J. 1 (1978), the 1973 revision of the Arizona Rules of Criminal Procedure strictly limited the hearing to a determination whether there is probable cause that defendant committed the offense, 17 A.R.S.

Rules of Criminal Procedure, rule 5.3. A preliminary hearing arguably offers advantages over prosecution upon an indictment.

In *State v. Clark,* 291 Or. 231, 630 P.2d 810, *cert. denied,* 454 U.S. 1084, 102 S.Ct. 640, 70 L.Ed.2d 619 (1981), Justice Linde thoroughly analyzed and rejected the *Hawkins* decision. The justice pointed out that defining as two classes those indicted and those charged by information is a circular use of the legal concept of "class" because these defendants do not exist as classes with distinguishing characteristics before and apart from a prosecutor's decision how to charge them. "Aside from the manner in which the decision is made ... defendants charged under either procedure are 'classes' only as an effect of the dual procedural scheme itself." *Id.* 291 Or. at 239, 630 P.2d at 818. The court explained that there is a distinction between a "class" created by the law in question and a "class" created by a law's disparate treatment of persons by virtue of characteristics which they have apart from the law itself. A constitutional attack on the former "class" is circular and seldom successful.

We find the reasoning of *State v. Clark, supra,* most persuasive and decline to adopt the *Hawkins* rationale. The two procedures, indictment and information, are expressly authorized in the Arizona Constitution and neither denies a defendant due process. *State v. Ferguson,* 120 Ariz. 345, 586 P.2d 190 (1978). The trial court did not err in denying appellants' motion for a post-indictment preliminary hearing.

## PROMOTING PRISON CONTRABAND

Appellants next contend that the trial court erred in denying the motion for directed verdict of acquittal on count IV of the indictment which alleged a violation of A.R.S. § 13–2505, promoting prison contraband, to wit: a handlebar. On review of a denial of a motion for directed verdict, we must view the facts most strongly in favor of upholding the jury verdict. *State v. Printz,* 125 Ariz. 300, 304, 609 P.2d 570, 574 (1980).

Immediately after the stabbing, appellant Sisneros walked to the corner of the exercise pen and took a handlebar off a weight machine. When the victim approached him, Sisneros swung the handle and hit Lerma. The state charged both Sisneros and Dominguez with promoting prison contraband on the theory that Dominguez and Morales cornered the victim so he could not escape Sisneros' blows. Both Sisneros and Dominguez were found guilty on this charge.

Arizona Revised Statutes section 13–2505 provides: "A person, not otherwise authorized by law, commits promoting prison contraband ... [b]y knowingly making, obtaining or possessing contraband while being confined in a correctional facility." Appellants assert that they were "otherwise authorized by law" to possess the handlebar from the weight machine by virtue of A.R.S. § 31–232(B), possession of a deadly weapon. Part (B) of A.R.S. § 31–232 provides: "This section shall not apply to a prisoner who possesses or carries any tool, instrument or implement used by him at the direction or with the permission of prison officials."

We do not agree with appellants' contention that A.R.S. § 31–232(B) specifically removes a handlebar from the class of items possession of which is punishable under A.R.S. § 13–2505. The exception clause of A.R.S. § 31–232 explicitly applies only to that section and does not apply to A.R.S. § 13–2505. Furthermore, using a handlebar to injure another is not using it "at the direction or with the permission of prison officials." The trial court correctly denied this motion.

## SENTENCE

The final issue raised by appellants is that Dominguez was incorrectly sentenced for his conviction of assault under A.R.S. § 13–1203. With this we agree. The trial court sentenced Dominguez to life imprisonment without possibility of parole for twenty-five years, clearly an error which the state concedes. The verdict of guilty of assault does not indicate which of the three varieties of assault was found by the jury. For these reasons, we reverse Dominguez' conviction of assault under A.R.S. § 13–1203.

We have searched the record for fundamental error pursuant to A.R.S. § 13–4035 and have found none.

Appellant Dominguez' conviction of assault under A.R.S. § 13–1203 and the sentence imposed thereon are reversed. Dominguez' convictions and sentences on all other counts are affirmed. Appellant Sisneros' convictions and sentences on all counts are affirmed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.