308 P.3d 1165

Juan Carlos Vicente SANCHEZ, Petitioner,

v.

The Honorable Tina R. AINLEY, Judge of the Superior Court of the State of Arizona, in and for the COUNTY OF YAVAPAI, Respondent Judge, State of Arizona, Real Party in Interest.

No. 1 CA–SA 13–0060.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 13, 2013.

As Amended Oct. 1, 2013.

David Stoller, Prescott, and Shaw Law Firm P.L.L.C. by Michael A. Shaw, Cottonwood, Attorneys for Petitioner.

Sheila Polk, Yavapai County Attorney by Steven A. Young, Deputy County Attorney, Prescott, Attorneys for Real Party in Interest.

HOWE, Judge.

¶ 1 This special action arises from the trial court's refusal to conduct a hearing pursuant to Arizona Rule of Criminal Procedure 13.5(c) and *Chronis v. Steinle*, 220 Ariz. 559, 208 P.3d 210 (2009). We accept jurisdiction because the issue raised involves a challenge to grand jury proceedings that will not be reviewable on appeal. *State v. Moody*, 208 Ariz. 424, 439–40 ¶ 31, 94 P.3d 1119, 1134–35 (2004); *Francis v. Sanders*, 222 Ariz. 423, 426 ¶ 9, 215 P.3d 397, 400 (App.2009). We decline to grant relief, however, because the trial court did not err in refusing to conduct the hearing.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On September 28, 2011, the Yavapai County Grand Jury indicted Juan Carlos Vicente Sanchez and three others on first-degree murder, kidnapping, conspiracy to commit first-degree murder, and conspiracy to commit kidnapping, as well as several other felonies. On December 15, 2011, Sanchez moved for a redetermination of probable cause. While the motion was pending, the State filed its Notice of Intent to Seek the Death Penalty and List of Aggravating Circumstances.

¶ 3 The trial court granted the motion for redetermination of probable cause and remanded the case to the Grand Jury. On April 20, 2012, the State presented evidence to the Grand Jury that probable cause existed to charge Sanchez with the same offenses. The Grand Jury considered the evidence and issued a True Bill against Sanchez on the charged offenses. The State then asked the Grand Jury to find that probable cause existed to allege the aggravating circumstances that would make Sanchez eligible for a death sentence. After considering the evidence, the Grand Jury issued a True Bill regarding

each of the alleged aggravating circumstances.

¶ 4 Sanchez again moved for a redetermination of probable cause, arguing that the State had presented false, misleading, and inadequate evidence to the Grand Jury on the charged offenses. He also argued that the State had erred in asking the Grand Jury to determine whether probable cause existed for the aggravating circumstances. He claimed that he was entitled to an evidentiary hearing pursuant to Rule 13.5(c) and our supreme court's decision in *Chronis v. Steinle* to determine probable cause on the aggravating circumstances.

¶ 5 The State opposed the motion, arguing that the evidence presented to the Grand Jury was not false or misleading and that nothing prohibited it from presenting aggravating circumstances to the Grand Jury for a probable cause determination. The State maintained that an evidentiary hearing pursuant to Rule 13.5(c) and *Chronis* was necessary only when probable cause on the aggravating circumstances had not yet been determined.

¶ 6 The trial court heard argument on the motion and agreed with the State that Rule 13.5(c) and *Chronis* did not require a separate hearing on probable cause on the aggravating circumstances if the Grand Jury had already determined it: "I do think a probable cause determination is a probable cause determination." On October 30, 2012, Sanchez formally requested a *Chronis* hearing and disclosure of the evidence supporting the aggravating circumstances, and the trial court denied the motion as moot because the Grand Jury had already determined probable cause. This special action followed.

## DISCUSSION

¶ 7 We review the trial court's denial of a motion for redetermination of probable cause for an abuse of discretion, *Francis*, 222 Ariz. at 426 ¶ 10, 215 P.3d at 400, but we review the interpretation of rules of procedure de novo, *State v. Gutierrez*, 229 Ariz. 573, 576 ¶ 19, 278 P.3d 1276, 1279 (2012). The trial court did not err in refusing to conduct an evidentiary hearing under Rule 13.5(c) and *Chronis* to determine probable cause on the alleged aggravating circumstances because the Grand Jury had already determined the issue by returning a True Bill on the circumstances.

¶ 8 A review of Rule 13.5(c)'s history shows why this is so. In 2002, the United States Supreme Court held in *Ring v. Arizona* that because the existence of any aggravating circumstance set forth in Arizona's death penalty statute makes a defendant eligible for a death sentence, the Sixth Amendment requires that a jury determine beyond a reasonable doubt whether an aggravating circumstance exists. 536 U.S. 584, 606, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). In light of this pronouncement, the issue arose whether the State was required to allege the aggravating circumstances in the charging document and present them to a grand jury for a probable cause determination. *Chronis*, 220 Ariz. at 562 ¶ 14, 208 P.3d at 213. Our supreme court resolved this issue by adopting Rule 13.5(c). That rule provides that "[t]he filing of a notice to seek the death penalty with noticed aggravating circumstances shall amend the charging document, and no further pleading needs to be filed," but also that "[a] defendant may challenge the legal sufficiency of an alleged aggravating circumstance by motion filed pursuant to Rule 16." *See also Chronis*, 220 Ariz. at 562 ¶ 14, 208 P.3d at 213 (discussing Rule 13.5's history). Thus, under Rule 13.5(c), aggravating circumstances need not be presented in the charging document—i.e., not be presented to a grand jury or determined in a preliminary hearing—but after an indictment or preliminary hearing on the charged offenses, a defendant may challenge an aggravating circumstance's "legal sufficiency" by a pretrial motion under Rule 16.

¶ 9 Despite adoption of Rule 13.5(c), the issue of how aggravating circumstances should be alleged arose again in *McKaney v. Foreman*, 209 Ariz. 268, 100 P.3d 18 (2004). A capital defendant argued that, in light of *Ring*, aggravating circumstances "must be alleged in the indictment and supported by evidence of probable cause" under the United States and Arizona Constitutions. *McKaney*, 209 Ariz. at 269 ¶ 4, 100 P.3d at 19. A

closely divided supreme court rejected that argument, holding that "aggravating factors essential to the imposition of a capital sentence need not be alleged in the grand jury indictment or the information in order to satisfy constitutional due process." *Id.* at 273 ¶ 23, 100 P.3d at 23. The majority found that while aggravating circumstances are the "functional equivalent" of elements of the offense of capital murder, "no authority requires that aggravating factors be identified and treated as 'essential elements of the alleged crime' for the purpose of inclusion in a grand jury indictment or information." *Id.* at 271 ¶ 15, 100 P.3d at 21. The majority found that capital defendants' due process rights would be otherwise sufficiently protected because the Arizona Rules of Criminal Procedure assured them adequate notice of the aggravating circumstances, and the trial jury would determine the existence of the circumstances beyond a reasonable doubt. *Id.* at 271–72 ¶ 16, 100 P.3d at 21–22.

¶ 10 The dissenting justices, however, found that because aggravating circumstances were "functional equivalents" of elements of the offense, the Arizona Constitution should be interpreted consistently with the Fifth Amendment of the United States Constitution, which has been universally interpreted to require that aggravating circumstances be presented to a grand jury in federal prosecutions. *Id.* at 274 ¶¶ 28–29, 100 P.3d at 24 (Hurwitz, J., and Ryan, J., dissenting in part, concurring in part). In the dissenting justices' opinion, excusing the State from presenting aggravating circumstances to the grand jury "effectively eviscerate[s]" the constitutional protection of a neutral body's determination whether the State has probable cause to bring charges. *Id.* at 275 ¶¶ 31–32, 100 P.3d at 25. The dissenting justices nevertheless found that the defendant was not entitled to relief for the denial of that right because he could still challenge "the legal sufficiency" of the aggravating circumstances through Rule 13.5(c): "By filing a motion under Rule 13.5(c), a defendant can obtain protection against arbitrary state action equivalent to that which he would have received had the State submitted the aggravator to a grand jury...." *Id.* at 276 ¶¶ 36–37, 100 P.3d at 26.

¶ 11 The supreme court affirmed this understanding of Rule 13.5(c) and "legal sufficiency" in *Chronis,* holding that the rule "is most reasonably interpreted as allowing for a probable cause hearing." 220 Ariz. at 562 ¶ 15, 208 P.3d at 213. The supreme court stated that the statements in the petition to adopt Rule 13.5(c) showed that the court's "intent in adopting the rule was to provide a right to a probable cause determination on aggravators." *Id.* The supreme court explained that given this purpose of the hearing, the parties and the trial court must follow the procedures of preliminary hearings set forth in Rule 5 when conducting the hearing, which places the burden of proof on the State, but limits the determination at issue to probable cause. *Id.* at 562–63 ¶¶ 18, 20, 208 P.3d at 213–14.

¶ 12 With this background, Sanchez's argument that he is entitled to a Rule 13.5(c)/*Chronis* hearing despite the Grand Jury's probable cause determination is unfounded. As explained in *Chronis,* Rule 13.5(c)'s purpose is to allow the State to allege aggravating circumstances without showing probable cause supporting them, but then to give a defendant the right to require the State to prove probable cause at a later hearing. 220 Ariz. at 562 ¶¶ 14–15, 208 P.3d at 213. If the State chooses, however, to present the aggravating circumstances to a grand jury, even though Rule 13.5(c) permits the State to allege them after the defendant is charged, a Rule 13.5(c)/*Chronis* hearing is—as the trial judge recognized here—moot once the grand jury finds probable cause on the aggravating circumstances: "[A] probable cause determination is a probable cause determination." A defendant is not entitled to a post-indictment preliminary hearing to redetermine probable cause. *State v. Sisneros,* 137 Ariz. 323, 326, 670 P.2d 721, 724 (1983). Sanchez's argument contradicts this settled principle.

¶ 13 Of course, the supreme court recognized in *McKaney* that the United States and Arizona Constitutions do not *require* the State to present aggravating circumstances to a grand jury. *See* 209 Ariz. at 271 ¶ 15, 100 P.3d at 21 ("no authority *requires* that

aggravating factors be identified and treated as 'essential elements of the alleged crime' for the purpose of inclusion in a grand jury indictment or information"); *id.* at 272 ¶ 17, 100 P.3d at 22 ("All state jurisdictions with one exception have thus far held, as we hold today, that aggravating factors *need not* be specified or alleged in the indictment."); *id.* at 273 ¶ 23, 100 P.3d at 23 ("We therefore hold that aggravating factors essential to the imposition of a capital sentence *need not* be alleged in the grand jury indictment or the information in order to satisfy constitutional due process.") (emphases added). But the court did not hold that the State was *prohibited* from choosing to do so. Indeed, it could not so hold because the decision to proceed by indictment "is the [S]tate's choice." *Sisneros,* 137 Ariz. at 325, 670 P.2d at 723; *see also State v. Bojorquez,* 111 Ariz. 549, 553, 535 P.2d 6, 10 (1975) (referring to the State's "unfettered discretion" under Arizona Constitution article 2, section 30 "to alternatively prosecute by indictment or information").

 ¶ 14 Our dissenting colleague believes that this analysis is contrary to "the explicit procedures established by the Legislature and the supreme court for alleging capital aggravators," which, our colleague claims, bind the State to allege capital aggravating circumstances only in a post-indictment notice to seek the death penalty and an accompanying notice of aggravating circumstances. Our colleague cites as authority for this requirement Arizona Revised Statutes ("A.R.S.") § 13–752 (West 2013) and Rule 15.1(i). Neither the statute nor the rule, however, limits the State's constitutional discretion to present aggravating circumstances to a grand jury.

 ¶ 15 Sections 13–752(A) and (B) do indeed hold that a defendant may not be

sentenced to death unless the State has filed a notice of intent to seek the death penalty and has given notice of aggravating circumstances before trial. And Rules 15.1(i)(1) and (2) do require the State to provide those notices within 60 days after arraignment. But neither the statutes nor the rule preclude the State from presenting aggravating circumstances to a grand jury. The State could satisfy the statutes and rule's notice requirements by seeking an indictment for first-degree murder and a probable cause determination on aggravating circumstances.[1] A proper indictment provides a defendant sufficient notice of the charges against him. *See* Rule 13.2(a) ( [A]n indictment "shall be a plain, concise statement of the facts sufficiently definite to inform the defendant of the offense charged."); *Franzi v. Superior Court,* 139 Ariz. 556, 566, 679 P.2d 1043, 1053 (1984) ("[O]ne function of the indictment is to give the defendant notice of the crime charged so that the defendant may prepare a defense.").

¶ 16 The State could also satisfy the statute and the rule by filing a separate notice of intent to seek the death penalty and a list of aggravating circumstances while nevertheless seeking the necessary probable cause determination on the aggravating circumstances in the grand jury. This is indeed how the State proceeded in this case. Thus, our colleague's reliance on § 13–752 and Rule 15.1(i) is misplaced. The statute and rule establish the State's requirement to give a defendant sufficient notice that the State is seeking the death penalty based on particular aggravating circumstances. They say nothing, however, about how the defendant's right to a probable cause determination must be satisfied.

 ¶ 17 That right is satisfied if the State presents the aggravating circumstances to a grand jury and the grand jury

---

1. Although the indictment in this case did not list the aggravating circumstances that the Grand Jury found were supported by probable cause, the aggravating circumstances were listed in the Grand Jury transcript, to which Sanchez has access under A.R.S. § 21–411(A) and Arizona Rule of Criminal Procedure 12.8(c). *See Bojorquez,* 111 Ariz. at 554, 535 P.2d at 11 (access to grand jury transcript provides discovery). Whether this was insufficient notice is not before

us because Sanchez did not challenge the sufficiency of the indictment on this basis before the trial court and does not do so now. Sanchez has thus waived any objection. *See State ex rel. Thomas v. Schneider,* 212 Ariz. 292, 300 ¶ 36, 130 P.3d 991, 999 (App.2006) (party's failure to raise issue before trial court waives issue on special action review). In any event, the State's filing of the list of aggravating circumstances gave Sanchez actual notice of the circumstances.

finds probable cause to allege those circumstances. A grand jury's function is to determine probable cause. *State v. Baumann*, 125 Ariz. 404, 408, 610 P.2d 38, 42 (1980) (A grand jury's "primary function" is "determining whether probable cause exists to believe that a crime has been committed and that the individual being investigated was the one who committed it."); *State v. Sanchez*, 165 Ariz. 164, 171, 797 P.2d 703, 710 (App.1990) ("The role of the grand jury is to determine whether probable cause exists to connect the accused with the commission of a crime."). Rule 13.5(c) was adopted to provide a procedure by which a capital defendant can obtain the right to a probable cause determination on aggravating circumstances when the opportunity for that determination before the grand jury has passed. *See Chronis*, 220 Ariz. at 562 ¶ 14, 208 P.3d at 213 ("Providing for a later probable cause determination was thus intended to avoid certain constitutional issues."). Indeed, by Rule 13.5(c)'s own language, the defendant's right to this determination arises only if the State has sought to amend the charging document with aggravating circumstances. *See* Rule 13.5(c) ("The filing of a notice to seek the death penalty with noticed aggravating circumstances shall amend the charging document."). When the State has afforded the defendant the right to a probable cause determination at the grand jury proceeding, however, Rule 13.5(c) and its concomitant hearing on probable cause are unnecessary because no such amendment is needed.

¶ 18 Sanchez argues, however—and our dissenting colleague apparently agrees—that a grand jury is not the proper body to consider aggravating circumstances in determining whether probable cause exists to charge criminal conduct. But nothing precludes a grand jury from determining whether probable cause exists to justify the State's allegation of aggravating circumstances. The Fifth Amendment *requires* the federal government to present aggravating circum-

stances to a federal grand jury. *See Jones v. United States*, 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) ("[A]ny fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment."). Certain precautions may be necessary to ensure that all applicable rights are protected, *see McKaney*, 209 Ariz. at 272–73 ¶ 21, 100 P.3d at 22–23 (questioning whether a grand jury would need to be "death-qualified" and could hear evidence of aggravating circumstances only after determining probable cause of the underlying crime),[2] but grand juries are competent to determine probable cause on aggravating circumstances.

¶ 19 Sanchez also argues—and our dissenting colleague agrees—that a grand jury's determination of probable cause is inadequate because it does not provide him with the same procedural rights as a Rule 13.5(c)/*Chronis* hearing does, which is conducted as a preliminary hearing. But a grand jury determination of probable cause guarantees him the same right as a Rule 13.5(c) hearing: "The purpose of a preliminary hearing and a grand jury proceeding is the same. They are to determine whether there is probable cause to believe the individual committed an offense." *State v. Neese*, 126 Ariz. 499, 502, 616 P.2d 959, 962 (App. 1980); *see also McKaney*, 209 Ariz. at 276 ¶ 37, 100 P.3d at 26 (Hurwitz, J. and Ryan, J., dissenting in part, concurring in part) (a grand jury and a Rule 13.5(c) hearing provide equivalent protection against arbitrary state action). Although a grand jury and a preliminary hearing afford different procedural rights, both methods of determining probable cause are constitutionally proper, and a prosecutor may employ either method without violating a defendant's due process rights. *Bojorquez*, 111 Ariz. at 553, 535 P.2d at 10; *accord Sisneros*, 137 Ariz. at 326, 670 P.2d at 724. A defendant "has no right to choose which method is used." *State v. Gonzales*, 111 Ariz. 38, 42, 523 P.2d 66, 70 (1974).

---

2. Neither of the concerns identified in *McKaney* exists in this case. Any failure to "death-qualify" the Grand Jury obviously did not prejudice the

State, and the Grand Jury considered the aggravating circumstances only *after* it found probable cause on the charged offenses.

Sanchez has a right not to the procedure associated with a Rule 13.5(c)/*Chronis* hearing, but to a substantive determination of probable cause.

¶ 20 In this case, the State chose to submit its allegation of aggravating circumstances to the Grand Jury instead of proceeding with a second notice of intent to seek the death penalty and list of aggravating circumstances. By doing so, and obtaining the Grand Jury's determination that probable cause supported those circumstances, the State gave Sanchez the rights to which he was entitled. Thus, the trial court correctly refused to conduct a Rule 13.5(c)/*Chronis* hearing.

## CONCLUSION

¶ 21 We accept jurisdiction of Sanchez's special action, but deny relief. We lift this Court's order of March 12, 2013, staying the proceedings before the trial court.

CONCURRING: ANDREW W. GOULD, Judge.

NORRIS, Presiding Judge dissenting.

¶ 22 The issue in this special action is whether a grand jury may (not must) find aggravating factors that would expose a defendant indicted for first degree murder to the death penalty. Reasoning that a grand jury serves the same purpose as what has come to be known as a *Chronis* hearing under Rule 13.5(c) of the Arizona Rules of Criminal Procedure, the majority concludes a grand jury may do so. With respect, I disagree.

¶ 23 First, although the majority discusses the history of Rule 13.5(c), it fails to appreciate the significance of that history. As our supreme court explained in *Chronis v. Steinle*, 220 Ariz. 559, 562, ¶¶ 14–15, 208 P.3d 210, 213 (2009), at the State's request, the court adopted Rule 13.5(c) to implement a procedure whereby the State would first notify a defendant of its intent to seek the death penalty and the aggravating factors it

believed would warrant such a sentence, and the defendant would then be given an opportunity before trial to contest the "legal sufficiency" of the aggravators. The supreme court adopted this system as a compromise to avoid "certain constitutional issues." *Id.* at 562, ¶ 14, 208 P.3d at 213. The majority's decision upsets this compromise and allows the State to evade it.

¶ 24 Second, the majority's decision flies in the face of the explicit procedures established by the Legislature and our supreme court for alleging capital aggravators. In Arizona Revised Statutes ("A.R.S.") section 13–752 (Supp. 2012), the Legislature directed the prosecution to, before trial, "notice one or more of the aggravating circumstances" that must be found by the trier of fact before deciding whether the death penalty should be imposed. A.R.S. § 13–752(B) and (C). Consistent with this directive, Rule 15.1(i)(2) of the Arizona Rules of Criminal Procedure requires the State to allege aggravating circumstances in a notice to seek the death penalty. Rule 15.1(i)(2) states that "[i]f the prosecutor files notice of intent to seek the death penalty, the prosecutor shall at the same time provide the defendant with a list of aggravating circumstances the state will rely on...." If, as the majority reasons, these requirements really do not establish the governing procedures for alleging capital aggravators, then one can only wonder why the Legislature and the supreme court phrased these requirements in mandatory, not optional terms.

¶ 25 Third, by allowing a grand jury to find capital aggravators, the majority deprives a defendant of the right to challenge the legal sufficiency of the alleged aggravating factors by motion filed under Rule 16 of the Arizona Rules of Criminal Procedure. According to the majority, even though Rule 13.5(c) specifically authorizes the defendant to bring this challenge, the State can preempt the defendant's right to do so by asking the grand jury to find the capital aggravators. The majority reasons that because the "purpose" of a grand jury finding of aggravators and a *Chronis* hearing is essentially the same,

there is no reason to grant a defendant a hearing to "redetermine" probable cause. *See supra* ¶¶ 12, 17.[3] But, although a grand jury proceeding in this context and a *Chronis* hearing both concern probable cause, they are functionally very different.

¶ 26 As the supreme court explained in *Chronis,* and consistent with Rule 5.3 of the Arizona Rules of Criminal Procedure, at a *Chronis* hearing, a defendant has the right to cross-examine the witnesses testifying against him or her, is entitled to review the witnesses' previous written statements before cross-examination, and is entitled to make a specific offer of proof and present the offered evidence, unless the magistrate determines it would be insufficient to rebut the finding of probable cause. In a grand jury proceeding, however, a defendant has none of these rights.

¶ 27 Further, a defendant has only a very limited right to challenge a grand jury proceeding. Indeed, a defendant cannot challenge the legal sufficiency of the evidence presented to the grand jury. *See State ex rel. Preimsberg v. Rosenblatt,* 112 Ariz. 461, 462, 543 P.2d 773, 774 (1975) ("trial court has no power to inquire into or weigh the legal sufficiency of the evidence presented to the grand jury from which an indictment resulted"); *see also* Ariz. R. Crim. P. 12.9 (grand jury proceedings may be challenged only by motion for new finding of probable cause, which alleges defendant was denied a substantial procedural right or an insufficient number of qualified grand jurors concurred in the finding of the indictment).

¶ 28 Through Rule 13.5(c) and a *Chronis* hearing, the supreme court granted a defendant the right to challenge the legal sufficiency of aggravating factors that would expose him or her to the death penalty. The majority's decision takes that right away.

¶ 29 Finally, I cannot square the majority's decision with the statutory role of a grand jury. A grand jury decides whether probable cause exists to believe a criminal offense has been committed and whether the defendant committed it. A.R.S. § 21–413 (2013) ("grand jury shall return an indictment charging the person under investigation with the commission of a public offense if . . . it is convinced that there is probable cause to believe the person under investigation is guilty" of the offense); *see also State v. Baumann,* 125 Ariz. 404, 408, 610 P.2d 38, 42 (1980). Although for sentencing, aggravating factors are viewed as the functional equivalent of elements of an offense, our supreme court held in *McKaney v. Foreman ex rel. County of Maricopa,* 209 Ariz. 268, 100 P.3d 18 (2004), that they are not part of the "essential elements" of the crime for inclusion in a grand jury indictment. *Id.* at 271, ¶ 15, 100 P.3d at 21. And, as the court in *McKaney* further explained, if a grand jury were required to find capital aggravators, that would "expand the statutory role of the grand jury." *Id.* at 272, ¶ 21, 100 P.3d at 22.

¶ 30 The same expansion problem is presented here, although the State is not arguing that only a grand jury can find capital aggravators. But, that is a distinction without a difference. The majority has expanded the statutory role of the grand jury by approving what happened here as if the supreme court had never decided *McKaney.*

¶ 31 For these reasons, I respectfully dissent. Accordingly, I would grant the relief Sanchez has requested and order the superior court to conduct a Rule 13.5(c)/*Chronis* hearing.

---

**3.** In making this argument, the majority cites case law that recognizes the purpose of a preliminary hearing and a grand jury proceeding is the same--to determine whether there is probable cause to believe an individual committed an offense--and the State can employ either method without running afoul of the constitution. Those principles, however, are not at issue here. Instead, the issue is whether, by allowing a grand jury to find capital aggravators, the State can deprive a capital defendant of his or her right to challenge the legal sufficiency of the alleged aggravating factors before trial.