SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| RYAN JOHN CHRONIS, | ) Arizona Supreme Court |
| | ) No. CV-08-0394-SA |
| Petitioner, | ) |
| | ) Maricopa County |
| v. | ) Superior Court |
| | ) No. CR2008-006808-001 DT |
| HON. ROLAND J. STEINLE, JUDGE OF | ) |
| THE SUPERIOR COURT OF THE STATE | ) |
| OF ARIZONA, in and for the | ) |
| County of Maricopa, | ) **O P I N I O N** |
| | ) |
| Respondent Judge, | ) |
| | ) |
| | ) |
| THE STATE OF ARIZONA, ex rel. | ) |
| ANDREW P. THOMAS, the Maricopa | ) |
| County Attorney, | ) |
| | ) |
| Respondent/Real Party in | ) |
| Interest. | ) |
| | ) |
| _____ | ) |

Special Action from the Superior Court in Maricopa County
The Honorable Roland J. Steinle, Judge

**VACATED AND REMANDED**
_____

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER                Phoenix
    By    Stephen J. Whelihan, Deputy Public Defender
          Bobbi Falduto, Deputy Public Defender
Attorneys for Ryan John Chronis

ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY                    Phoenix
    By    James P. Beene, Deputy County Attorney
Attorneys for the State of Arizona
_____

**B A L E S**, Justice

¶1      We hold that Arizona Rule of Criminal Procedure 13.5(c)
permits  a  defendant  in  a  capital  murder  case  to  request  a

determination of probable cause as to alleged aggravating circumstances.

I.

¶2 Ryan Chronis was arrested after police found the body of his girlfriend, Brianna Wood, in the car he was driving. A grand jury indicted Chronis for first-degree murder. The State subsequently filed an Allegation of Death Penalty and Notice of Aggravating Factors, alleging that Chronis had killed Wood in an "especially heinous, cruel or depraved manner." *See* Ariz. Rev. Stat. ("A.R.S.") section 13-703(F)(6) (Supp. 2006). The State later clarified that it was alleging only that Chronis committed the offense in a cruel manner.

¶3 Chronis filed a motion to dismiss the death penalty notice because no finding of probable cause had been made as to the aggravator. The trial court denied the motion, stating that Arizona Rule of Criminal Procedure 13.5(c) "may include a challenge to the factual underpinnings of a capital aggravator," but that Chronis had not carried his burden of proving that probable cause did not exist. Chronis filed a motion to reconsider, along with another motion to dismiss the death penalty notice for lack of probable cause. The trial court denied the motions.

¶4 Chronis filed a petition for special action in this Court. We accepted jurisdiction because Chronis has no equally plain, speedy, or adequate remedy by appeal, *see* Ariz. R.P. Spec. Act. 1,

and the case presents a novel question of statewide importance that is likely to recur. *See Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 252 ¶ 3, 63 P.3d 282, 283 (2003). We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and Arizona Rules of Procedure for Special Actions 1, 3(a), 4, and 7.

**II.**

¶5        Arizona Rule of Criminal Procedure 13.5(c) provides:

> The filing of a notice to seek the death penalty with noticed aggravating circumstances shall amend the charging document, and no further pleading needs to be filed. A defendant may challenge the legal sufficiency of an alleged aggravating circumstance by motion filed pursuant to Rule 16.

¶6        This case turns on the meaning of the phrase "legal sufficiency of an alleged aggravating circumstance." We construe rules of court using the same principles applicable to interpretation of statutes. *See State v. Hansen*, 215 Ariz. 287, 289 ¶ 7, 160 P.3d 166, 168 (2007). The primary goal in interpreting a rule is to give effect to the intent of the rule-makers. *See Devenir Assocs. v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991). To ascertain that intent, we examine "the rule's context, the language used, the subject matter, the historical background, the effects and consequences, and its spirit and purpose." *State v. Aguilar*, 209 Ariz. 40, 47 ¶ 23, 97 P.3d 865, 872 (2004).

**A.**

¶7        "Legal sufficiency" is not defined in the rules of criminal

3

procedure. The State contends that this phrase in Rule 13.5(c) means the same thing as does "insufficient as a matter of law" as used in Arizona Rule of Criminal Procedure 16.6(b). Rule 16.6(b) requires that an indictment, information, or complaint be dismissed if, on a defendant's motion, the court finds that the charging document is "insufficient as a matter of law." Ariz. R. Crim. P. 16.6(b).

¶8 The State argues that Arizona courts have construed Rule 16.6(b) as permitting a challenge only to whether a charging document provides adequate notice and not inquiry into the facts of the case. *See Mejak v. Granville*, 212 Ariz. 555, 556 ¶ 4, 136 P.3d 874, 875 (2006); *State ex rel. Preimsberg v. Rosenblatt*, 112 Ariz. 461, 462, 543 P.2d 773,774 (1975); *State v. Rickard-Hughes*, 182 Ariz. 273, 275, 895 P.2d 1036, 1038 (App. 1995); *State v. Kerr*, 142 Ariz. 426, 431, 690 P.2d 145, 150 (App. 1984). Thus, the State concludes, Rule 13.5(c) should be similarly limited.

¶9 As an initial matter, we note that Arizona case law belies the State's contention that challenges to the "legal sufficiency" of charging documents may question only whether they provide sufficient notice. Arizona courts have entertained challenges to charging documents on grounds involving the right to a unanimous jury verdict, double jeopardy, jurisdiction, and failure to allege a crime. *See State v. Davis*, 206 Ariz. 377, 389 ¶ 54, 79 P.3d 64, 76 (2003) ("Charging more than one act in a single count is forbidden because it . . . 'present[s] a hazard of a non-unanimous jury verdict'

4

. . . ."); *Rickard-Hughes*, 182 Ariz. at 275, 895 P.2d at 1038 (noting that an indictment is sufficient if it "protects the defendant from subsequent prosecution for the same offense"); *State v. Superior Court* (*Clough*), 7 Ariz. App. 170, 177, 436 P.2d 948, 955 (1968) ("The purpose of an information is to give notice of the charges brought and serve as a record to prevent double jeopardy."); *State v. Smith*, 66 Ariz. 376, 379, 189 P.2d 205, 207 (1948) ("[I]n a criminal case . . . the jurisdictional facts constituting the offense [must be] set forth in the information . . . ."); *Mejak*, 212 Ariz. at 556 ¶ 4, 136 P.3d at 875 ("If a defendant can admit to all the allegations charged in the indictment and still not have committed a crime, then the indictment is insufficient as a matter of law."). Indeed, a motion under Rule 16.6 (b) "can be based on any ground recognized by law." Ariz. R. Crim. P. 16.6(b) cmt.

¶10 Similarly, the language "legal sufficiency of an alleged aggravating circumstance" does not categorically exclude challenges that involve application of law to facts. *See, e.g.*, *United States v. Falso*, 544 F.3d 110, 128 (2d Cir. 2008) (assessing "legal sufficiency of the facts alleged" in probable cause affidavit); *Dintino v. Echols*, 243 F. Supp. 2d 255, 263 (E.D. Pa. 2003) (assessing in malicious prosecution case the "facts and circumstances" supporting "legal sufficiency of the affidavit of probable cause"); *Gonzales v. City of Phoenix*, 203 Ariz. 152, 156 ¶ 19, 52 P.3d 184, 188 (2002) (noting in context of malicious prosecution case that "the

evidence was legally sufficient for a jury determination of no probable cause"); *State v. King*, 66 Ariz. 42, 45-46, 182 P.2d 915, 917 (1947) (noting in criminal case that whether "the evidence was legally sufficient . . . was a question of law for the court"). We therefore conclude that Rule 13.5(c) does not by its terms exclude a challenge to the "legal sufficiency" of an aggravator based on a lack of probable cause.

B.

¶11    Because the language of Rule 13.5(c) does not clearly delineate the kinds of challenges it permits, we find the petition for the adoption of the rule useful in considering the rule's background and context. *See Aguilar*, 209 Ariz. at 45-46 ¶¶ 18-20, 97 P.3d at 870-71 (examining petition to amend rules to establish the background surrounding a rule's adoption).

¶12    The petition for adoption of Rule 13.5(c) reflects the unique circumstances surrounding its promulgation. In August 2002, after the United States Supreme Court declared Arizona's death penalty statutes unconstitutional in *Ring v. Arizona*, 536 U.S. 584 (2002), the state legislature quickly passed a bill to conform Arizona's statutes to the requirements of the Constitution. *See* 2002 Ariz. Sess. Laws, ch. 1 (5th Spec. Sess.). Later that month, the Maricopa County Attorney, joined by the Arizona Attorney General, moved to amend several Arizona Rules of Criminal Procedure. *See* Maricopa County Attorney's Motion to Amend Rules 8.2, 11.2, 13.5,

6

15.1, 15.2, 15.9, 18.1, 18.5, 18.6, 19.1, 20, 23.2, 24.1, 26.2, 26.3, 26.9 and 26.10, Arizona Rules of Criminal Procedure ("Motion to Amend"), R-02-0033 (Aug. 28, 2002) (on file with the Clerk of the Court). The County Attorney and the Attorney General proposed that the rules be amended on an "emergency interim basis." *Id.*

¶13 This Court adopted the amendments, with some changes, on an emergency basis and called for comments to follow. Order Amending Rules 8.2, 11.2, 13.5, 15.1, 15.2, 15.9, 18.1, 18.5, 18.6, 19.1, 20, 23.2, 24.1, 26.2, 26.3, 26.9, and 26.10, Arizona Rules of Criminal Procedure ("Order Amending Rules"), R-02-0033 (Oct. 11, 2002). Rule 13.5(c), although renumbered, was adopted verbatim from the Motion to Amend and has not been changed since its adoption.

¶14 The Motion to Amend explicitly represented that Rule 13.5(c) would "allow the defendant to request a determination of probable cause [as to noticed aggravators] before trial if the defense deems it appropriate." Motion to Amend at 8. Rejecting an assertion that aggravators should be alleged in the charging document, the amendment proposed a compromise under which the State would continue to file notices of death penalty and notices of aggravating circumstances after the indictment or filing of a criminal complaint, and defendants thereafter could obtain probable cause determinations. *Id.* at 5-6. The compromise reflected that after *Ring* it was unclear whether the state or federal constitution required aggravators to be alleged in charging documents or otherwise

7

subjected to probable cause determinations. *Id.* at 6-7. Providing for a later probable cause determination was thus intended to avoid certain constitutional issues.

¶15     Based on the background to its adoption, Rule 13.5(c) is most reasonably interpreted as allowing for a probable cause hearing. The proponent of the rule – the State of Arizona – expressly contemplated in its rule petition that a challenge to the "legal sufficiency of an aggravating circumstance" would encompass a determination of probable cause. Although statements in rule petitions or in comments responding to such petitions are by no means determinative of a rule's purpose and meaning, given the circumstances of this petition, we conclude that the Court's intent in adopting the rule was to provide a right to a probable cause determination on aggravators as proposed by the Motion to Amend.

¶16     Our conclusion is not affected by *McKaney v. Foreman*, 209 Ariz. 268, 100 P.3d 18 (2004). There a divided Court held that "aggravating factors essential to the imposition of a capital sentence need not be alleged in the grand jury indictment or the information in order to satisfy constitutional due process." 209 Ariz. at 273 ¶ 23, 100 P.3d at 23. Two justices dissented from this conclusion, reasoning that Arizona's constitution requires aggravating circumstances to be included in the charging document. *Id.* at 275 ¶¶ 33-34, 100 P.3d at 25 (Hurwitz, J., joined by Ryan, J., dissenting in part and concurring in part). The dissenting

8

justices, however, agreed that McKaney was not entitled to special action relief. They noted that he had an adequate remedy under Rule 13.5(c), which allowed him to seek a hearing on whether the alleged aggravating circumstances were based on probable cause. *Id.* at 276 ¶¶ 36-38, 100 P.3d at 26.

¶17 The majority opinion in *McKaney* did not mention Rule 13.5(c) much less interpret its scope. The Court's holding in that case can only be understood as deciding whether the state constitution requires that aggravators be alleged in a charging document, not whether a court rule provides a procedural right to a probable cause determination. *See* Ariz. Const. art. 6 § 5(5) (granting this Court the "[p]ower to make rules relative to all procedural matters in any court").

### III.

¶18 Having concluded that Rule 13.5(c) provides a defendant with an avenue for requesting a probable cause determination, we note that the proper procedure to be followed is generally described in Arizona Rule of Criminal Procedure 5. As in all Rule 5 proceedings, the burden of proof rests on the State to prove that probable cause exists as to the aggravating circumstance. *See* Ariz. R. Crim. P. 5.3(a) ("[T]he magistrate shall determine and state for the record whether the prosecution's case establishes probable cause."). In such a hearing, however, a court will admit only evidence that is material to the question whether probable cause exists, *id.*, and the

9

judge may consider evidence without regard to any motions to suppress, *id.* 5.3(b), and may consider certain forms of hearsay, *id.* 5.4(c).

¶19     Given the focused nature of probable cause hearings and the prosecution's wide ability to offer different forms of evidence, we are not persuaded by the State's argument that allowing probable cause determinations on aggravating factors will impinge upon the authority of prosecutors or the rights of victims.  Prosecutors are ethically bound not to allege aggravating factors that they know are not supported by probable cause.  *See* Ariz. Sup. Ct. R. 42, ER 3.8(a).  Affording a right to a probable cause determination on aggravators does not infringe on any substantive power of prosecutors.  Nor will probable cause hearings unduly burden victims.  The admissibility of hearsay implies that victims generally need not testify at probable cause hearings.  *See* Ariz. R. Crim. P. 5.4(c)(3) (allowing witness to testify to statements of others).

**IV.**

¶20     Arizona Rule of Criminal Procedure 13.5(c) allows a defendant in a capital case to request a probable cause determination for alleged aggravating circumstances.  Such determinations are to be made following the procedure in Arizona Rule of Criminal Procedure 5, under which the State bears the burden of proof.  The trial court erred because it did not provide a probable cause hearing and it placed the burden of proof on Chronis.  We therefore grant special

10

action relief, vacate the orders of the trial court denying a probable cause hearing, and remand the case for further proceedings consistent with this opinion.

_____
W. Scott Bales, Justice

CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice