IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

————————

**JUAN CARLOS VICENTE SANCHEZ**
*Petitioner,*

*v.*

**THE HONORABLE TINA R. AINLEY, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF YAVAPAI**
*Respondent Judge,*

**STATE OF ARIZONA,**
*Real Party in Interest.*

————————

No. CV-13-0280-PR
Filed March 20, 2014

————————

Appeal from the Superior Court in Yavapai County
The Honorable Tina R. Ainley, Judge
No. CR 201100945
**VACATED WITH INSTRUCTIONS**

Opinion of the Court of Appeals, Division One
233 Ariz. 14, 308 P.3d 1165 (App. 2013)
**VACATED**

————————

COUNSEL:

Michael A. Shaw (argued), Shaw Law Firm PLLC, Cottonwood; and David P. Stoller, Prescott, for Juan Carlos Vicente Sanchez

Sheila Sullivan Polk, Yavapai County Attorney, Steven A. Young (argued), Deputy County Attorney, Prescott, for State of Arizona

Amy Armstrong, Director, Natman Schaye (argued), Arizona Capital Representation Project, Tucson, and David J. Euchner, Arizona Attorneys for Criminal Justice, Tucson, for Amici Curiae Arizona Capital Representation Project and Arizona Attorneys for Criminal Justice

————————

JUSTICE TIMMER authored the opinion of the Court, in which VICE CHIEF JUSTICE BALES, JUSTICE PELANDER, and JUSTICE BRUTINEL joined, and CHIEF JUSTICE BERCH concurred.

JUSTICE TIMMER, opinion of the Court:

¶1        In *Chronis v. Steinle*, we held that "Arizona Rule of Criminal Procedure 13.5(c) permits a defendant in a capital murder case to request a determination of probable cause as to alleged aggravating circumstances." 220 Ariz. 559, 560 ¶ 1, 208 P.3d 210, 211 (2009).  We now hold that the trial court must grant a defendant's timely request for a hearing under Rule 13.5(c), even if the grand jury has previously made a probable-cause determination as to those alleged aggravating circumstances.

**BACKGROUND**

¶2        In September 2011, a grand jury indicted Juan Carlos Vicente Sanchez for several offenses, including first degree murder.  The trial court subsequently granted Sanchez's motion to remand the case to the grand jury for a new probable-cause determination.  While that motion was pending, the State filed a notice of intent to seek the death penalty and alleged the existence of several aggravating circumstances listed in A.R.S. § 13-751(F).

¶3        In April 2012, the grand jury re-indicted Sanchez for the same offenses.  At the State's request, the grand jury also found probable cause to support three aggravating circumstances.

¶4        Sanchez filed a second motion to remand for a new finding of probable cause, arguing that the grand jury was not authorized to consider aggravating circumstances and that the State's presentation of the issue usurped his ability under Rule 13.5(c) to request what is commonly called a "*Chronis* hearing."  The trial court denied the motion, reasoning that nothing precludes a grand jury from making the probable-cause determination on alleged aggravators.  The court also denied Sanchez's subsequent motion for a *Chronis* hearing as moot in light of the grand jury's determination.

¶5        Sanchez petitioned the court of appeals for special-action relief from the denial of his request for a *Chronis* hearing.  A divided panel of the court accepted jurisdiction but denied relief, agreeing with the trial court that a capital case defendant is not entitled to a *Chronis* hearing if a

grand jury has found that probable cause supports the existence of alleged aggravating circumstances. *Sanchez v. Ainley ex rel. Cnty. of Yavapai*, 233 Ariz. 14, 17 ¶ 12, 308 P.3d 1165, 1168 (App. 2013). We granted review to resolve this recurring legal issue of statewide importance. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

### I.

¶6 A.R.S. § 13-752(B) and Arizona Rule of Criminal Procedure 15.1(i) direct the prosecutor to provide pretrial notice of an intent to seek the death penalty and a list of aggravating circumstances the prosecution will rely on. Rule 13.5(c) provides that such notice will automatically "amend the charging document" and permits the defendant to "challenge the legal sufficiency of an alleged aggravating circumstance" by filing a motion pursuant to Rule 16 to request a *Chronis* hearing. The sole issue before us is whether a defendant is entitled to this hearing once a grand jury has already found that probable cause supports the alleged aggravating circumstances. Because this issue turns on statutory and rule interpretations, we conduct a de novo review. *See State v. Gutierrez*, 229 Ariz. 573, 576 ¶ 19, 278 P.3d 1276, 1279 (2012).

### II.

¶7 Resolution of this issue depends initially on whether a grand jury has authority to find that probable cause supports aggravating circumstances alleged to support imposition of the death penalty. The court of appeals majority did not identify any such authority but noted that nothing prohibits this course of action either. *Sanchez*, 233 Ariz. at 17–18 ¶¶ 12–13, 308 P.3d at 1168–69. It then concluded that "Sanchez has a right not to the procedure associated with a Rule 13.5(c)/*Chronis* hearing, but to a substantive determination of probable cause," which was satisfied by the grand jury's finding. *Id.* at 20 ¶¶ 19–20, 308 P.3d at 1171. The dissenting judge reasoned that the majority erroneously expanded the grand jury's statutory authority, *id.* at 21 ¶ 29, 308 P.3d at 1172 (Norris, J., dissenting), and concluded, for this reason and others, that a grand jury's

probable-cause determination of aggravators cannot deprive a defendant of a *Chronis* hearing, *id.* at 21 ¶ 31, 308 P.3d at 1172.

**¶8**        A grand jury is an investigative body "whose mission is to bring to trial those who may be guilty and [to] clear the innocent." *Marston's, Inc. v. Strand*, 114 Ariz. 260, 264, 560 P.2d 778, 782 (1977). To fulfill that mission, grand jurors are authorized to inquire into "offense[s]" and return indictments for "public offense[s]." A.R.S. §§ 21-407, -413; Ariz. R. Crim. P. 13.1(a). The legislature has defined an "offense" or "public offense" as "conduct for which a sentence to a term of imprisonment or of a fine is provided by any law." A.R.S. § 13-105(27). "Aggravating circumstances" do not fall within this definition because they merely guide sentencing determinations and do not proscribe conduct that is punishable by a term of imprisonment or fine. *Cf. State v. Allen*, 111 Ariz. 125, 126, 524 P.2d 502, 503 (1974) ("Statutes authorizing the infliction of a more severe penalty on one who is a persistent offender do not create a new, separate, distinct, independent, or substantive offense."); A.R.S. § 13-751(F) (providing that aggravating circumstances are considered in "determining whether to impose a sentence of death").

**¶9**        The State argues, however, that A.R.S. §§ 21-407 and -413 authorize grand jurors to find probable cause to support alleged aggravating circumstances, thereby mooting the defendant's *Chronis* hearing request, because the United States Supreme Court has held that aggravating circumstances are "functional equivalents" of offense elements. *Ring v. Arizona*, 536 U.S. 584, 609 (2002); *Apprendi v. New Jersey*, 530 U.S. 466, 494 n.9 (2000). We addressed a related argument in *McKaney v. Foreman ex rel. County of Maricopa*, 209 Ariz. 268, 100 P.3d 18 (2004). There, the defendant argued that, in addition to requiring that a trial jury find any aggravating circumstances for sentencing purposes, *Apprendi/Ring* requires that a grand jury or other neutral arbiter make a pretrial probable-cause finding for any alleged aggravating circumstances. *Id.* at 270 ¶ 10, 100 P.3d at 20. We disagreed, explaining that the *Apprendi/Ring* holdings are confined to Sixth Amendment jury-trial considerations and do not apply to charging decisions. *Id.* at 271 ¶ 12, 100 P.3d at 21.

**¶10**        The State points out that *McKaney* holds only that the grand jury is not *required* to consider aggravating circumstances, not that a grand

jury is prohibited from doing so. *McKaney* also reasoned, however, that requiring a grand jury to consider probable cause for aggravators would expand its statutory authority to charge offenses and could unduly prejudice a capital defendant. *Id.* at 272–73 ¶ 21, 100 P.3d at 22–23. That reasoning necessarily applies in deciding whether a grand jury is *permitted* to find probable cause for alleged aggravators.

**¶11** Decisions in non-capital cases support our conclusion that a grand jury is not permitted to determine whether probable cause supports aggravating circumstances alleged in a capital case. In *State v. Birdsall*, 116 Ariz. 112, 113, 568 P.2d 419, 420 (1977), *overruled on other grounds by State v. Burge*, 167 Ariz. 25, 804 P.2d 754 (1990), this Court held that a prior conviction is not a "public offense" but rather something that enhances punishment. Consequently, "[s]ince it is the duty of a grand jury to charge only public offenses, they have no authority to add allegations to the indictment which are concerned with punishment, and do not charge a public offense." *Id.* at 113–14, 568 P.2d at 420–21.

**¶12** Although we overruled *Birdsall* in *Burge*, we nevertheless implicitly acknowledged in *Burge* that grand juries are permitted to act only as authorized by statute or rule and that punishment-related allegations do not charge a "public offense." 167 Ariz. at 27–28, 804 P.2d at 756–57. Our overruling of *Birdsall* was based on the fact that the predecessor to A.R.S. § 13-704(L) expressly authorized a grand jury to allege a prior conviction, not because of a departure from the notion that the grand jury's authority is rooted in statute or rule. *Id.* at 28, 804 P.2d at 757.

**¶13** That notion holds true here. Unlike the situations in *Birdsall* and *Burge,* no statute or rule authorizes a grand jury to determine whether probable cause supports aggravating circumstances alleged in a capital case. Because the grand jury here lacked such authority, its finding was a nullity and could not displace Sanchez's rights under Rule 13.5(c).

**¶14** Moreover, even if the grand jury were authorized to determine that probable cause supports alleged aggravators, Sanchez would be entitled to a *Chronis* hearing. A capital defendant's right under Rule 13.5(c) to challenge the legal sufficiency of an aggravator is neither conditioned on whether a grand jury has addressed the aggravator nor

affected by the grand jury's findings. Under the rule, once the prosecutor files a notice of intent to seek the death penalty and identifies aggravating circumstances, the defendant has a procedural right to a *Chronis* hearing. *Cf.* Ariz. Const. art. 6 § 5(5) (empowering this Court to "make rules relative to all procedural matters in any court"); *Chronis*, 220 Ariz. at 562 ¶ 17, 208 P.3d at 213 (recognizing that hearing to challenge probable cause is procedural).

¶15 Finally, Rule 13.5(c) reflects this Court's objective to afford greater procedural rights to a defendant facing the death penalty. A *Chronis* hearing permits the defendant to review written statements made by the state's witnesses, cross-examine those witnesses, and present evidence to rebut the state's alleged aggravators. *See Chronis*, 220 Ariz. at 562 ¶ 18, 208 P.3d at 213 (holding that Rule 13.5(c) hearing uses procedures generally described in Rule 5); Ariz. R. Crim. P. 5.3(a) (describing procedures for preliminary hearings). In contrast, the defendant generally has no right to challenge the merits of a grand jury's probable-cause determination. *Cf.* Ariz. R. Crim. P. 12.9(a) (permitting a motion to challenge grand jury proceedings only if the defendant was denied a substantial procedural right or an insufficient number of qualified grand jurors agreed with the finding). The prosecution cannot deprive a capital defendant of the option to invoke Rule 13.5(c)'s greater procedural rights by asking a grand jury to determine whether probable cause supports alleged aggravators.

¶16 For all these reasons, the grand jury's finding of probable cause to support the three aggravating circumstances alleged by the State did not moot Sanchez's request for a *Chronis* hearing.

## CONCLUSION

¶17 The grand jury lacks authority to determine whether probable cause supports the existence of aggravating circumstances alleged in a capital case. Consequently, its return of a "true bill" to support alleged aggravating circumstances does not render moot a defendant's request for a *Chronis* hearing. Regardless, because Rule 13.5(c) affords superior procedural rights to a defendant in a capital case, any grand jury findings concerning aggravating circumstances cannot deprive a defendant of a timely requested *Chronis* hearing. Accordingly,

we vacate the trial court's order and the court of appeals' opinion and direct the trial court to grant Sanchez's request and hold a *Chronis* hearing.

CHIEF JUSTICE BERCH concurring in the result:

**¶18**        I agree with the result the Court reaches, but find it unnecessary to opine on the scope of the grand jury's authority to hear aggravating circumstances, a holding that may have broad effect. We can rule on the issue in this case without doing so.

**¶19**        I would base the opinion, as the Court does in its reasoning in paragraphs 14 and 15, on the fact that Rule 13.5(c) provides defendants in capital cases the right to a hearing before a judge to challenge the sufficiency of aggravating circumstances. Sanchez requested but was denied such a hearing. It is enough to say that, as a defendant in a capital case, he is entitled to one.