372 P.3d 304

**Sammantha ALLEN, John Michael Allen, Petitioners,**

v.

**The Honorable Teresa A. SANDERS, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

State of Arizona, Real Party in Interest.

**No. 1 CA–SA 16–0049**

Court of Appeals of Arizona, Division 1.

FILED 5/26/2016

Maricopa County Legal Defender's Office, Phoenix, By John Ronan Curry, Jeremy Bogart, Counsel for Petitioner Sammantha Allen.

Maricopa County Legal Advocate's Office, Phoenix, By Gary Beren, Robert E. Reinhardt, Counsel for Petitioner John Michael Allen.

Maricopa County Attorney's Office, Phoenix, By Karen Kemper, Counsel for Real Party in Interest.

Judge Randall M. Howe delivered the opinion of the Court, in which Judge Kenton D. Jones joined. Presiding Judge Kent E. Cattani dissented.

## OPINION

HOWE, Judge:

¶ 1 In this petition for special action arising from a capital murder case, Sammantha and John Allen challenge the trial court's refusal to independently determine whether probable cause exists for child abuse offenses that the State has alleged are aggravating circumstances for sentencing purposes. We accept jurisdiction because the Allens have no adequate remedy by appeal, Ariz. R. P. Spec. Act. 1(a), and the issue is a purely legal question of first impression and statewide importance, *Azore, LLC v. Bassett*, 236 Ariz. 424, 426 ¶ 2, 341 P.3d 466, 468 (App. 2014).

¶ 2 The Allens argue that under the Arizona Supreme Court's decision in *Sanchez v. Ainley*, 234 Ariz. 250, 321 P.3d 415 (2014), the trial court should have independently determined probable cause on the alleged aggravating circumstances related to the concurrently alleged child abuse offenses,

rather than giving "conclusive effect" to the grand jury's probable cause determination on the child abuse offenses on which the circumstances are based. Because *Sanchez* requires the trial court to make its own independent probable cause determination on the alleged aggravating circumstances, we accept jurisdiction and grant relief.

## FACTS AND PROCEDURAL HISTORY

¶ 3 In July 2011, Sammantha called 911 and reported that A.D., her 10–year–old niece, was dead. Investigators were initially told that A.D. had locked herself up in a box while playing hide-and-seek, but evidence indicated that A.D. had been purposely locked in the box. A grand jury indicted, as relevant here, Sammantha and John for first-degree murder, Sammantha for two counts of child abuse for allegedly placing A.D. in the box on one occasion and placing A.D. in the box and throwing it around on another occasion, and John for one count of child abuse for allegedly placing A.D. in the box and throwing the box on another occasion.

¶ 4 The State filed notices of intent to seek the death penalty for both Sammantha and John, alleging several aggravating circumstances. The State alleged that the counts of child abuse filed separately against Sammantha and John constituted aggravating circumstances under A.R.S. § 13–751(F)(2). That statute provides, as relevant here, that convictions for serious offenses not committed on the same occasion as a homicide but consolidated for trial with the homicide constitute aggravating circumstances for determining whether the death penalty should be imposed as punishment for the homicide. *Id.* A conviction for child abuse, a dangerous crime against children, A.R.S. § 13–3623(A)(1), is by definition a "serious offense," A.R.S. § 13–751(J)(6).

■ ¶ 5 Pursuant to *Chronis v. Steinle*, 220 Ariz. 559, 208 P.3d 210 (2009), the trial court conducted a hearing to determine whether probable cause supported the alleged aggravating circumstances. At the hearing, the Allens objected to the trial court's using the grand jury's finding of probable cause for the child abuse offenses to satisfy the probable cause determination for the aggravating circumstances. The Allens relied upon *Sanchez*, in which the Arizona Supreme Court held that the trial court must grant a defendant's request for a *Chronis* hearing even if the grand jury has made a previous probable cause determination on the State's alleged aggravating circumstances. 234 Ariz. at 254 ¶¶ 13–14, 321 P.3d at 419. The trial court distinguished *Sanchez*, however, concluding that the grand jury's finding of probable cause on the child abuse offenses was sufficient to establish probable cause regarding those charges. Therefore, the court reasoned, because the offenses were "serious offenses" under A.R.S. § 13–751(J), probable cause existed to proceed on the aggravating circumstances of previous convictions for serious offenses. Sammantha petitioned for special action review; John has joined.[1]

## DISCUSSION

■ ¶ 6 The Allens argue that the trial court erred in not independently determining whether probable cause supported the child abuse offenses as alleged aggravating circumstances rather than giving conclusive effect to the grand jury's probable cause determination regarding the child abuse offenses of the indictment. We review de novo the interpretation of court rules, applying principles of statutory construction. *State v. Whitman*, 234 Ariz. 565, 566 ¶ 5, 324 P.3d 851, 852 (2014). Here, as *Sanchez* requires, the trial court must independently determine whether probable cause supported the child abuse offenses as aggravating circumstances alleged in this capital murder case for sentencing purposes.

---

1. The State has opposed John's joinder, arguing that no rule under the Arizona Rules of Procedure for Special Actions allows him to join in the action. But Rule 2 grants the court discretion in determining the parties in a special action, and Rule 2(b) specifically allows the court to "order [other persons'] joinder as parties." Ariz. R. P. Spec. Act. 2. Consequently, we grant John's request to join and deny the State's motion to strike. Moreover, we have amended the caption to reflect that John is a party in this action.

¶ 7 In *Chronis*, the Arizona Supreme Court held that "Arizona Rule of Criminal Procedure 13.5(c) permits a defendant in a capital murder case to request a determination of probable cause as to alleged aggravating circumstances." 220 Ariz. at 560 ¶ 1, 208 P.3d at 211. In *Sanchez*, the Court expanded on *Chronis* and held that "the trial court must grant a defendant's timely request for a hearing under Rule 13.5(c), even if the grand jury has previously made a probable-cause determination as to those alleged aggravating circumstances." 234 Ariz. at 252 ¶ 1, 321 P.3d at 417. The Court stated that no statute or rule authorized a grand jury to determine whether probable cause supported aggravating circumstances alleged in capital cases. *Id.* at 253–54 ¶ 13, 321 P.3d at 418–19. The Court reasoned that grand jurors are authorized to inquire into offenses and return indictments for public offenses, but " 'aggravating circumstances' do[ ] not fall within this definition because they merely guide sentencing determinations and do not proscribe conduct that is punishable by a term of imprisonment or fine." *Id.* at 253 ¶ 8, 321 P.3d at 418. However, the Court emphasized that "even if the grand jury were authorized to determine that probable cause supports alleged aggravators, [a defendant] would be entitled to a *Chronis* hearing" because a capital defendant's right "to challenge the legal sufficiency of an aggravator is neither conditioned on whether a grand jury has addressed the aggravator nor affected by the grand jury's findings." *Id.* at 254 ¶ 14, 321 P.3d at 419.

¶ 8 Because grand jury findings do not affect a capital defendant's right to challenge the legal sufficiency of evidence supporting the allegation of aggravating circumstances, the trial court must make an independent probable cause determination on aggravating circumstances. The trial court here did not do so and instead accepted the grand jury's probable cause determination on the child abuse offenses as a probable cause determination on the "serious offense" aggravating circumstances. This contradicts the supreme court's holding in *Sanchez*.

¶ 9 We recognize that this may be procedurally burdensome and inefficient for the State. The State will often present to the trial court the same evidence to support probable cause for the aggravating circumstance that it presented to the grand jury to support probable cause for the underlying offense. Nevertheless, *Sanchez* requires this procedure, "reflecting th[e Arizona Supreme] Court's objective to afford greater procedural rights to a defendant facing the death penalty," 234 Ariz. at 254 ¶ 15, 321 P.3d at 419, and it must be followed. Following the *Sanchez*-mandated procedure gives a capital defendant the opportunity to review the evidence the State presents to support probable cause on the aggravating circumstances, to cross-examine witnesses, and to present rebuttal evidence—an opportunity not available in grand jury proceedings. *Id.* This opportunity means nothing, however, if the trial court does not then independently determine probable cause. Consequently, the trial court denied the Allens the benefit of a *Chronis* hearing on the "serious offense" aggravating circumstances.

¶ 10 The trial court attempted to distinguish *Sanchez* on grounds that (1) Sammantha and John were afforded a *Chronis* hearing; (2) the grand jury here did not previously find probable cause on the child abuse offenses as alleged aggravating circumstances; and (3) *Sanchez* does not allow a defendant to have the trial court redetermine a grand jury's probable cause determination on public offenses. The trial court's distinctions, however, do not alter *Sanchez*'s specifically articulated holding that grand jury determinations of probable cause do not satisfy a capital defendant's right to have the trial court independently determine probable cause on aggravating circumstances. First, simply providing the Allens a *Chronis* hearing does not satisfy *Sanchez* if the trial court does not independently determine probable cause on aggravating circumstances. Second, although the grand jury determined probable cause on the child abuse offenses as public offenses and not as aggravating circumstances, this does not alter the trial court's duty under *Sanchez* to independently determine whether probable cause supported the offenses as

aggravating circumstances. Third, although the grand jury found probable cause on the alleged public offenses of child abuse, the Allens are not seeking the redetermination of the grand jury's findings, but the trial court's determination in the first instance—as *Sanchez* requires—whether probable cause supports the aggravating circumstances. A capital defendant has the right to require the trial court to determine probable cause on aggravating circumstances in a *Chronis* hearing, even if the circumstances also constitute public offenses that have been subject to a grand jury's probable cause determination.

¶ 11 The State counters that the trial court had sufficient evidence to find probable cause for the child abuse offenses as alleged aggravating circumstances and that the court properly did so. But this argument fails because the trial court's ruling explicitly stated that the court was accepting the grand jury's probable cause determination. Specifically, the court stated the "grand jury's finding of probable cause respecting [the child abuse offenses] of the Indictment is sufficient to establish probable cause respecting those charges and because they are 'serious offenses' under the statute, the Court finds there is probable cause to proceed on the aggravating factor of a 'prior serious offense.' " Consequently, because the trial court gave conclusive effect to the grand jury's probable cause determination for the child abuse offenses, instead of independently determining whether probable cause supported the child abuse offenses as aggravating circumstances for sentencing purposes in this capital case, the trial court erred.

¶ 12 Our dissenting colleague contends that the trial court committed no error in declining to apply *Sanchez* to this case and in not independently determining probable cause on the "serious offense" aggravating circumstances. Our colleague distinguishes *Sanchez* in two ways. He argues first that unlike the facts of *Sanchez*, the grand jury here acted within its proper role, determining probable cause for the public offenses of child abuse, not probable cause for capital aggravating circumstances. *See infra* at ¶ 21. He argues second that unlike the trial court in *Sanchez*, the trial court here did not simply rely upon the grand jury's probable cause determination of child abuse to find that the child abuse offenses were "serious offense" aggravating circumstances, it also independently determined that the child abuse offenses were "serious offenses" under A.R.S. § 13–751(J). *See infra* at ¶ 22. These distinctions, however, do not take this case outside *Sanchez*'s ambit.

¶ 13 The similarity between *Sanchez* and this case is not based upon what the respective grand juries found probable cause on, but upon what the respective trial courts did with those findings once the grand juries made them. In *Sanchez*, the trial court found that the grand jury's probable cause determination on the alleged aggravating circumstances relieved it of its independent duty under *Chronis* to determine probable cause on the aggravating circumstances. *Sanchez*, 234 Ariz. at 252 ¶ 4, 321 P.3d at 417. In this case, the trial court found that the grand jury's probable cause determination on the child abuse offenses relieved it of its independent duty under *Chronis* to determine probable cause on the aggravating circumstances for being previously convicted of "serious offenses." But the Arizona Supreme Court ruled in *Sanchez* that the trial court's refusal to independently determine probable cause on the aggravating circumstances denied the capital defendant due process under *Chronis*. *Sanchez*, 234 Ariz. at 254 ¶ 14, 321 P.3d at 419 ("A capital defendant's right under Rule 13.5(c) to challenge the legal sufficiency of an aggravator is neither conditioned on whether a grand jury has addressed the aggravator nor affected by the grand jury's findings."). Accordingly, just as in *Sanchez*, the trial court's refusal here to independently determine whether probable cause supported the "serious offense" aggravating circumstances denied the Allens due process.

¶ 14 The trial court's "finding" (as our colleague characterizes it, *see infra* at ¶ 25) that the child abuse convictions were "serious offenses" does not take this case away from *Sanchez* because the trial court made no independent finding. Section 13–751(J) lists the offenses that qualify as "serious of-

fenses," and "any dangerous crime against children"—which includes child abuse, A.R.S. § 13–3623(A)(1)—is on that list. A.R.S. § 13–751(J)(6). A child abuse offense by legislative definition is a "serious offense," and the trial court exercised no independent factual or legal judgment in recognizing that the child abuse offenses were "serious offense" aggravating circumstances under A.R.S. § 13–751(F)(2). Our colleague's view, thus, does not change the conclusion that the trial court denied the Allens due process by failing to independently determine whether probable cause supported those aggravating circumstances.

## CONCLUSION

¶ 15 For the foregoing reasons, we accept jurisdiction and grant relief. We also lift this Court's previously ordered stay.

CATTANI, J., dissenting:

¶ 16 I respectfully dissent. The superior court's determination that there is probable cause supporting the allegation of two prior convictions as aggravating circumstances under A.R.S. § 13–752(F)(2) is supported by the record and was properly made after the court conducted a *Chronis* hearing. Accordingly, I would deny relief.

¶ 17 The majority concludes that the superior court contravened the Arizona Supreme Court's holding in *Sanchez v. Ainley*, 234 Ariz. 250, 321 P.3d 415 (2014), that a grand jury determination of aggravating circumstances cannot be used as a basis for denying a capital defendant's request for a *Chronis* hearing. But the grand jury in this case did not make the aggravating circumstances determination, and instead only determined probable cause for public offenses (child abuse counts that will be tried contemporaneously with the first-degree murder charge), precisely the grand jury's proper role. Moreover, the superior court conducted a *Chronis* hearing and found probable cause for the (F)(2) aggravating circumstance based on the fact of (potential) prior convictions, together with the serious nature of the prior convictions. Accordingly, there was no error under Arizona Rule of Criminal Procedure 13.5, and the superior court's rul-ing did not contravene—and in fact scrupulously complied with—*Sanchez*.

¶ 18 As the majority notes, under § 13–751(F)(2), the State may allege as an aggravating circumstance in a capital case the fact that the defendant "has been or was previously convicted of a serious offense, whether preparatory or completed," and the statute expressly recognizes that the previous convictions may be "for serious offenses committed on the same occasion as the homicide, or not committed on the same occasion but consolidated for trial with the homicide." Under § 13–751(J), a "serious offense" is defined to include certain enumerated offenses, including as relevant here, "[a]ny dangerous crime against children."

¶ 19 The (F)(2) aggravating circumstance thus requires two findings: (1) the existence of a prior conviction, and (2) that the conviction involves a "serious offense." Under this statutory scheme, the mere fact of a grand jury indictment regarding a child abuse offense does not establish probable cause for an aggravating circumstance any more than the mere fact of a previous criminal conviction. To find probable cause for the aggravating circumstance, the superior court must also determine whether the previous conviction (or the offense consolidated for trial with the homicide) is a serious offense under § 13–751(J).

¶ 20 In *Sanchez*, after the grand jury made probable cause findings regarding aggravating circumstances, the superior court declined as unnecessary a requested *Chronis* hearing. The Arizona Supreme Court rejected that approach, noting that "[s]ince it is the duty of a grand jury to charge only public offenses, they have no authority to add allegations to the indictment which are concerned with punishment, and do not charge a public offense." 234 Ariz. at 253, ¶ 11, 321 P.3d 415 (quoting *State v. Birdsall*, 116 Ariz. 112, 113–14, 568 P.2d 419 (1977)). The supreme court thus ruled that the superior court cannot abdicate its responsibility to the grand jury to determine whether the State has established probable cause for an alleged aggravating circumstance. *Id.* at 253–54, ¶ 13, 321 P.3d 415.

¶ 21 Here, unlike in *Sanchez*, the superior court conducted a *Chronis* hearing. Nevertheless, the majority concludes that *Sanchez* required the court to disregard the grand jury's finding of probable cause for the child abuse counts, and to instead conduct an independent assessment of the conduct underlying the child abuse counts. But *Sanchez* involved grand jury findings that went beyond the scope of the grand jury's authority. In contrast, the grand jury here did not exceed its authority and did not determine probable cause to assert an aggravating circumstance. Instead, the grand jury simply found probable cause to charge public offenses, which was clearly within the scope of its authority. *See id.* at 253, ¶ 11, 321 P.3d 415.

¶ 22 The superior court appropriately conducted the required analysis for an alleged (F)(2) aggravating circumstance. The court noted that the "grand jury's finding of probable cause respecting [the child abuse offenses] of the Indictment is sufficient to establish probable cause respecting those charges," and went on to state, "and because they are 'serious offenses' under the statute, the Court finds there is probable cause to proceed on the aggravating factor of a 'prior serious offense.'" (Emphasis added.) Thus, the grand jury did what it was authorized to do—find probable cause for public offenses—and the court did what it was authorized and required to do—determine if there was probable cause for an aggravating circumstance under § 13–751(F)(2).

¶ 23 The Allens do not suggest any impropriety in the grand jury's determination of probable cause for the child abuse offenses. And just as there is no reason for a superior court to revisit or "re-try" the facts underlying a "previous" conviction before considering whether the conviction is a "serious offense," there is no reason to revisit the facts underlying offenses "consolidated for trial with the homicide." Under both scenarios, the conviction/offense can only be used as an aggravating circumstance for sentencing purposes after it becomes a conviction based on a verdict of guilt beyond a reasonable doubt. Thus, the relevant inquiry for the superior court at a *Chronis* hearing on an (F)(2) ag-

gravating circumstance simply addresses (1) the fact of a previous conviction or the fact of an indictment on another offense, coupled with (2) a determination of whether the conviction/offense qualifies as a serious offense under § 13–751(J).

¶ 24 Finally, the majority posits that a *Chronis* hearing on an (F)(2) aggravating circumstance must address the facts underlying the prior conviction, suggesting that the defendant would otherwise be denied the right "to cross-examine witnesses and present rebuttal evidence" as required by *Sanchez*. But the (F)(2) aggravating circumstance inherently includes even greater procedural protections because, as noted above, a prior conviction cannot be used as an aggravating factor until it is in fact a *conviction*, which requires a finding not just of probable cause (as at a *Chronis* hearing), but of guilt beyond a reasonable doubt. And the right to cross-examine witnesses and to present rebuttal evidence regarding the facts underlying the prior conviction is secured through the right to a jury trial on the prior offense.

¶ 25 In sum, the trial court did not err under *Sanchez* or otherwise. The grand jury did not exceed its authority when it found probable cause for "public offenses," and the superior court conducted a *Chronis* hearing and found the existence of indicted offenses, and that the offenses were "serious." That finding was sufficient to permit the State to move forward with the allegation of the (F)(2) aggravating circumstance, contingent on a future jury finding of guilt of the underlying public offenses beyond a reasonable doubt. Accordingly, in my view, the Allens are not entitled to relief.