IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

———————————

**SAMMANTHA ALLEN, JOHN MICHAEL ALLEN,**
*Petitioners,*

*v.*

**THE HONORABLE TERESA A. SANDERS, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,**
*Respondent Judge,*

**STATE OF ARIZONA,**
*Real Party in Interest.*

———————————

No. CR-16-0234-PR
Filed November 7, 2016

———————————

Appeal from the Superior Court in Maricopa County
The Honorable Teresa A. Sanders, Judge
No. CR2011-138856
**AFFIRMED**

Opinion of the Court of Appeals, Division One
239 Ariz. 360, 372 P.3d 304 (App. 2016)
**VACATED**

———————————

COUNSEL:

Marty Lieberman, Legal Defender, Maricopa County Office of the Legal Defender, John Ronan Curry (argued), Jeremy Bogart, Deputy Legal Defenders, Phoenix, Attorneys for Sammantha Allen

Bruce Peterson, Maricopa County Office of the Legal Advocate, Kerri L. Chamberlin (argued), Gary Beren, Robert E. Reinhardt, Deputy Legal Advocates, Phoenix, Attorneys for John Allen

William G. Montgomery, Maricopa County Attorney, Karen Kemper (argued), Deputy County Attorney, Phoenix, Attorneys for State of Arizona

Amy P. Knight, Kuykendall & Associates, Tucson, Attorneys for Amicus Curiae Arizona Attorneys for Criminal Justice

———————————

CHIEF JUSTICE BALES authored the opinion of the Court, in which VICE CHIEF JUSTICE PELANDER and JUSTICES BRUTINEL and TIMMER joined. JUSTICE BOLICK concurred in the result.

—————————

CHIEF JUSTICE BALES, opinion of the Court:

¶1        After a defendant is indicted for first degree murder, if the state intends to seek the death penalty, it provides notice and alleges aggravating circumstances. The defendant may then request the trial court to determine if probable cause exists for the aggravators under the procedures outlined in *Chronis v. Steinle*, 220 Ariz. 559, 560 ¶ 1, 208 P.3d 210, 211 (2009). In *Sanchez v. Ainley*, 234 Ariz. 250, 251–52 ¶ 1, 321 P.3d 415, 416–17 (2014), we held that a defendant is entitled to a "*Chronis* hearing" even if the grand jury determined that probable cause exists for the alleged aggravating circumstances.

¶2        In this case, the State seeks the death penalty and alleges aggravating circumstances under A.R.S. § 13-751(F)(2) based on the defendants' prospective convictions for "serious offenses" concurrently charged by the grand jury. The issue here concerns how the trial court, in the context of a *Chronis* hearing, should determine if probable cause exists to support that aggravator. We hold that the trial court must independently determine if a concurrently charged offense qualifies as a serious offense, but the court should accept the grand jury's determination that probable cause exists for the concurrently charged offense.

**I.**

¶3        A grand jury indicted Sammantha Allen and her husband, John Allen, for the first degree felony murder of Sammantha's ten-year-old cousin, Ame. The indictment concurrently charged the Allens with multiple counts of child abuse in violation of A.R.S. § 13–3623(A)(1). The State subsequently filed a notice of intent to seek the death penalty and alleged the child abuse offenses as "serious offense" aggravating circumstances under A.R.S. § 13–751(F)(2). This aggravator applies when a defendant has been convicted of a "serious offense" either prior to or contemporaneously with the defendant's conviction for first degree murder in the case in which the death penalty is sought.

**¶4**        At the Allens' request, the trial court conducted a *Chronis* hearing pursuant to Arizona Rule of Criminal Procedure 13.5(c). The court ruled that a conviction on any of the concurrently charged child-abuse counts would qualify as a conviction of a serious offense for the (F)(2) aggravator. The Allens argued that the court also should independently determine if probable cause exists for those counts. The court instead concluded that probable cause exists for the serious offense aggravators because the "grand jury found probable cause to support each [child abuse] count of the Indictment when it returned a true bill."

**¶5**        The Allens filed a petition for special action in the court of appeals. A divided panel of the court granted relief, holding that *Sanchez* requires the trial court to independently determine whether probable cause supports the concurrently charged child-abuse offenses that the State alleges are (F)(2) serious offenses. *Allen v. Sanders*, 239 Ariz. 360, 362 ¶ 6, 372 P.3d 304, 306 (App. 2016). A dissenting judge concluded that the trial court did not err by relying on the grand jury's probable cause determination. *Id.* at 366 ¶ 25, 372 P.3d at 310 (Cattani, J., dissenting).

**¶6**        We granted the State's petition for review to resolve a recurring legal issue of statewide importance. We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

**¶7**        Under Arizona Rule of Criminal Procedure 13.5(c), the state's filing of a notice of intent to seek the death penalty and its list of aggravating circumstances serves to "amend the charging document, and no further pleading needs to be filed." That rule also allows a defendant to "challenge the legal sufficiency of an alleged aggravating circumstance" by filing a motion pursuant to Rule 16. In *Chronis*, we held that Rule 13.5(c) entitles a defendant to request the trial court to determine, based on an evidentiary hearing, if probable cause exists to support the alleged aggravators. 220 Ariz. at 563 ¶ 20, 208 P.3d at 214.

**¶8**        We subsequently ruled in *Sanchez* that a defendant is entitled to a *Chronis* hearing with respect to the state's alleged aggravating circumstances even if a grand jury has found that they are supported by probable cause. 234 Ariz. at 251–52 ¶ 1, 321 P.3d at 416–17. This holding reflected our conclusion that, under existing rules and statutes, a grand

jury's duty is solely to charge "public offenses," and thus "a grand jury is not permitted to determine whether probable cause supports aggravating circumstances alleged in a capital case." *Id.* at 253 ¶ 11, 321 P.3d at 418. Apart from noting the grand jury's limited authority, we also observed that "because Rule 13.5(c) affords superior procedural rights to a defendant in a capital case, any grand jury findings concerning aggravating circumstances cannot deprive a defendant of a timely requested *Chronis* hearing." *Id.* at 254 ¶ 17, 321 P.3d at 419.

¶9　　　　This case poses an issue distinct from that addressed in *Sanchez*: if a defendant challenges the legal sufficiency of an (F)(2) aggravating circumstance that depends on a concurrently charged offense for which a grand jury has found probable cause, must the trial court in a *Chronis* hearing independently determine probable cause for that offense? Because this issue involves the interpretation of statutes and rules, our review is de novo. *Id.* at 252 ¶ 6, 321 P.3d at 417.

¶10　　　　In order to establish the (F)(2) aggravating circumstance, the state must prove that:

> The defendant has been or was previously convicted of a serious offense, whether preparatory or completed. Convictions for serious offenses committed on the same occasion as the homicide, or not committed on the same occasion but consolidated for trial with the homicide, shall be treated as a serious offense under this paragraph.

A.R.S. § 13-751(F)(2). In this case, the State contends that the concurrently charged child-abuse counts are "serious offenses" that will establish the (F)(2) aggravator if the jury ultimately returns a guilty verdict on any of those counts.

¶11　　　　The Allens timely challenged the legal sufficiency of this aggravating circumstance under Rule 13.5(c). After holding a *Chronis* hearing, the trial court found probable cause. The Allens do not challenge the trial court's legal conclusion that the concurrently charged child-abuse counts are "serious offenses"; they are "dangerous crimes against children." *See* A.R.S. §§ 13-705(P), -751(J)(6). The Allens instead argue, and the court of appeals agreed, that the trial court erred by not independently

4

determining if probable cause exists for the child-abuse counts and instead accepting the grand jury's findings in that regard.

¶12        *Sanchez,* the Allens note, states that a defendant's right to a *Chronis* hearing is not "affected by the grand jury's findings" of probable cause for alleged aggravating factors. *See* 234 Ariz. at 254 ¶ 14, 321 P.3d at 419. *Sanchez* also observed that "[a] *Chronis* hearing permits the defendant to review written statements made by the state's witnesses, cross-examine those witnesses, and present evidence to rebut the state's alleged aggravators." *Id.* ¶ 15, 321 P.3d at 419. Consistent with these statements, and *Sanchez*'s recognition that Rule 13.5(c) affords "superior procedural rights to a defendant in a capital case," *id.* ¶ 17, 321 P.3d at 419, the Allens argue that a trial court addressing a challenge to an (F)(2) aggravator based on a concurrently charged serious offense must permit the defendant to contest the state's evidence in a *Chronis* hearing and then independently determine if probable cause supports the charged offense.

¶13        We reject the Allens' interpretation of *Sanchez* and Rule 13.5(c) for several reasons. This case differs from *Sanchez* in that the grand jury here was not asked to find probable cause for the (F)(2) aggravator itself, but instead for the underlying child-abuse counts – a task within the grand jury's province – and the trial court did hold a *Chronis* hearing at the Allens' request. Moreover, although we spoke broadly in *Sanchez* about a defendant's right to an evidentiary hearing under *Chronis,* our statements should not be read as holding that Rule 13.5(c) invariably requires an evidentiary hearing whenever a defendant challenges the legal sufficiency of an alleged aggravating circumstance.

¶14        Some challenges under Rule 13.5(c) turn on purely legal questions; others may turn on arguments over what a factfinder might reasonably conclude from facts that are not contested. In such circumstances, a trial court properly can determine the legal sufficiency of an alleged aggravator without holding an evidentiary hearing. In contrast, a defendant generally is entitled to an evidentiary hearing under *Chronis* and *Sanchez* to determine whether probable cause exists for disputed factual elements of alleged aggravating circumstances, such as whether a murder was committed in an especially heinous, cruel or depraved manner for purposes of the (F)(6) aggravating circumstance. *See Chronis*, 220 Ariz. at 560 ¶¶ 1–2, 208 P.3d at 211.

5

¶15 We acknowledge that a capital defendant could benefit if we interpreted Rule 13.5(c) as affording a right to have the trial court independently determine if probable cause supports a concurrently charged offense identified as a "serious offense" for the (F)(2) aggravating circumstance. A probable cause hearing would allow the defendant to challenge the state's evidence and, if the court is persuaded that probable cause is lacking, to seek a ruling dismissing the (F)(2) aggravator from the case. These potential benefits, however, themselves raise problems that persuade us to reject this approach.

¶16 Allowing a trial court to independently determine whether probable cause exists to support a concurrently charged offense is at odds with our well-settled case law that prohibits trial judges from weighing the nature and sufficiency of the evidence presented to the grand jury. *State ex rel. Preimsberg v. Rosenblatt,* 112 Ariz. 461, 462, 543 P.2d 773, 774 (1975) ("[It is a] long established rule that an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence."); *see also State ex rel. Collins v. Kamin*, 151 Ariz. 70, 72, 725 P.2d 1104, 1106 (1986) (holding that a trial court erred by weighing the quantity and quality of the evidence presented to the grand jury); *Crimmins v. Superior Court*, 137 Ariz. 39, 42–43, 668 P.2d 882, 885–86 (1983) ("Those cases clearly prohibit a trial court from considering an attack on an indictment based on the nature, weight or sufficiency of the evidence presented to the grand jury.").

¶17 This concern is not answered by noting that a trial court's ruling in response to a Rule 13.5(c) motion addresses only the legal sufficiency of the aggravating circumstance and would not affect the submission of the concurrently charged offense itself to the jury. That scenario raises the anomalous potential that a jury might ultimately find beyond a reasonable doubt that a defendant is guilty of a concurrently charged offense that legally qualifies as a "serious offense" under (F)(2), but the trial court's pretrial determination that probable cause was lacking would preclude the jury from considering that aggravating circumstance, even though it would be legally and factually supported.

¶18 Defendants in capital cases have means other than a *Chronis* hearing to test the legal sufficiency of concurrently charged offenses. Although a defendant cannot challenge an indictment based on the sufficiency of the evidence presented to a grand jury, a defendant may seek

a redetermination of probable cause if the evidence was not fairly and impartially presented. *See* Ariz. R. Crim. P. 12.9; *Crimmins,* 137 Ariz. at 42–43, 668 P.2d at 886–87. And defendants may, after the close of the prosecution's evidence at trial, move for acquittal on the ground that "there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). Of course, a concurrently charged offense for which a defendant is acquitted cannot serve as a "serious offense" for purposes of the (F)(2) aggravator.

¶19 In light of these considerations, we hold that when a defendant challenges the legal sufficiency of an alleged (F)(2) aggravating circumstance that turns on a concurrently charged offense, the trial court must independently determine if the offense qualifies as a serious offense, but the court should accept the grand jury's determination that probable cause exists for that offense. Our holding is limited to the circumstances of the (F)(2) aggravator and is not intended to narrow the scope of a defendant's rights under *Chronis* and *Sanchez* to a probable cause hearing when appropriate regarding other aggravating circumstances.

¶20 We remark briefly on the concurring opinion, which criticizes *Chronis* and *Sanchez* for creating a right to a hearing in conflict with the "plain language" of Rule 13.5(c) and our rulemaking process. *Infra* ¶¶ 27–29. "Plain language" cannot resolve the scope of a defendant's right to challenge an alleged aggravator, as the Court explained in *Chronis*, because the rules do not define the term "legal sufficiency" and case law in other contexts has construed the term to embrace some factual – as distinct from purely legal – challenges. 220 Ariz. at 560–61 ¶¶ 7–11, 208 P.3d at 211–12. The Court thus considered the background to Rule 13.5(c). Noting that the rule's proponent – the State of Arizona – had expressly contemplated that a challenge to legal sufficiency could encompass a determination of probable cause, the Court concluded that it had intended in adopting the rule to "grant a right to a probable cause determination on aggravators" as proposed by the petition. *Id.* at 562 ¶ 15, 208 P.3d at 213. That right, contrary to the concurring opinion, does not invariably involve a "full-blown" evidentiary hearing, but instead the more limited probable cause determination in a Rule 5 proceeding. Moreover, as we have explained above, some challenges to the legal sufficiency of aggravators do not involve probable cause determinations as to factual matters. Although it might be desirable to amend Rule 13.5(c) to more clearly delineate the rights it affords defendants, the concurrence is unconvincing in contending that

fidelity to the rulemaking process argues for construing the rule, contrary to *Chronis* and *Sanchez*, as not affording "a right to anything other than filing a motion." *Infra* ¶ 27.

### III.

**¶21**         We vacate the court of appeals' opinion, affirm the trial court's ruling that probable cause exists for the (F)(2) aggravating circumstance, and remand to the trial court for further proceedings consistent with this opinion.

BOLICK, J., concurring in the result:

**¶22** The dispute here arises from confusion sown by prior opinions that strayed from the plain language of Rule 13.5(c). Although I join my colleagues in the result in this case, I believe we should return to the rule's original language and make any appropriate changes through our rulemaking process rather than on a case-by-case basis.

**¶23** The relevant text of Rule 13.5(c) reads, "A defendant may challenge the legal sufficiency of an alleged aggravating circumstance by motion filed pursuant to Rule 16." Two observations about this language are pertinent. First, the rule says nothing about an evidentiary hearing, much less about a "right" to such hearing. Second, it does not indicate a uniform approach to the different types of aggravating circumstances.

**¶24** Hence, applying the rule's simple language, the trial court upon receiving defendant's Rule 13.5(c) motion properly could have determined the legal sufficiency of the (F)(2) aggravator as a matter of law. Or, if good cause was shown, it could have ordered an evidentiary hearing. The appellate courts could then review that decision for abuse.

**¶25** In *Chronis*, the first case to construe this language, the Court on multiple occasions seemed to recognize the rule's modest scope. *See id.*, 562 ¶ 15, 208 P.3d at 213 ("Rule 13.5(c) is most reasonably interpreted as *allowing* for a probable cause hearing."); *id.* at ¶ 18, 208 P.3d at 213 ("Rule 13.5(c) provides a defendant with an avenue for *requesting* a probable cause determination."); and, most unmistakably, *id.* at 560 ¶ 1, 208 P.3d at 211 ("We hold that [Rule] 13.5(c) permits a defendant in a capital murder case to request a determination of probable cause as to alleged aggravating circumstances."). But in the midst of this careful language, the Court unhitched its jurisprudence from the rule by declaring a "*right* to a probable cause determination," *id.* at 562 ¶ 15, 208 P.3d at 213, through a Rule 5 proceeding. *Id.* at ¶ 18, 208 P.3d at 213. Thus was the "right" to a full-blown "*Chronis* hearing" born.

**¶26** That right gained greater substance in *Sanchez*, which held that "the trial court *must* grant a defendant's timely request for a hearing under Rule 13.5(c), even if the grand jury has previously made a probable-cause determination as to those alleged aggravating circumstances." 234 Ariz. at 252 ¶ 1, 321 P.3d at 417. Such a hearing, to which "the defendant

has a procedural right" triggered by the prosecutor's notice of intent to seek the death penalty, "permits the defendant to review written statements made by the state's witnesses, cross-examine those witnesses, and present evidence to rebut the state's alleged aggravators." *Id*. at 254 ¶¶ 14-15, 321 P.3d at 419. Given the Court's categorical language, it is understandable that defendants and the court of appeals majority believed that Rule 13.5(c), as the Court evolved it in *Chronis* and *Sanchez*, required the trial court to independently determine whether probable cause exists for counts underlying the (F)(2) aggravator.

¶27 The Court today walks back its broad interpretation of the rule to a position more consistent with its plain language, holding that at least in the (F)(2) context, a defendant is not necessarily entitled to an evidentiary hearing. But it emphasizes that this decision "is not intended to limit the scope of a defendant's rights under *Chronis* and *Sanchez* to a probable cause hearing when appropriate regarding other aggravating circumstances." Because I do not read Rule 13.5(c) to confer a right to anything other than filing a motion, I cannot join the Court's opinion.

¶28 Rule 13.5(c) is not constitutionally mandated, but reflects this Court's policy decision to expand defendants' rights pursuant to its procedural rulemaking authority under Ariz. Const. art. 6, § 5(5). The rules on their face should fairly reflect the rules in practice. But here, a litigant, lawyer, or trial court could not understand the "meaning" of Rule 13.5(c) without reading three cases that modify either the rule or prior cases modifying the rule. And today's decision invites additional sequels.

¶29 The rulemaking process allows members of the public to weigh in so that the Court can take into account competing interests and perspectives. Defendants and their *amici* make a convincing argument that an independent, pre-trial probable cause determination of aggravators is essential because it makes an enormous difference whether a case proceeds with a capital rather than non-capital offense. By contrast, full-blown evidentiary hearings may implicate crime victims' constitutional rights to a speedy trial, and to "have all rules governing criminal procedure . . . protect victims' rights. . . ." See Ariz. Const. art. 2, § 2.1(A)(10)-(11). The original rule, as I read it, appropriately conferred broad discretion on trial courts to determine the merits of a legal sufficiency motion, whether to hold a hearing, and the contours of such a hearing. Changes to that rule should be

determined in a venue that takes account of all potential ramifications, rather than in an ad hoc setting of an individual case.

¶**30**        For the foregoing reasons, I respectfully concur in the result with the hope that the rule can be reconsidered in a more appropriate forum, either to affirm the original language or to modify it to more accurately reflect its judicial evolution.